**Gary Lynn CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43104.**

Court of Criminal Appeals of Texas.

Nov. 10, 1970.

---

Billy J. Griswold, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert R. Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, fifteen (15) years.

Appellant's first, second and third grounds of error relate to the legality of the search. At a hearing held out of the presence of the jury, at the beginning of the trial, the arresting officer testified that he had made the search pursuant to a search warrant, discussed the details contained in the warrant, and the information that he had regarding probable cause for the search. When the State attempted to introduce the warrant into evidence for purposes of the record, out of the presence of the jury, the court asked appellant's counsel, "Do you want the search warrant in evidence or not?" The attorney answered that he did not, his objection to the admission of the warrant into evidence was sustained, and the warrant does not appear in the record before us.

Following this, in the presence of the jury, the officer-witness was permitted to testify, without objection, that he went into appellant's apartment and asked appellant where he was keeping his heroin; appellant took him into the bathroom and handed him the heroin, on which he made a Marquis test which showed that it contained a derivative of opium. On cross-examination by appellant's counsel, we find the following:

Q. Where did * * * Officer Hambrick, when you entered the house you testify that this defendant then voluntarily took you and showed you some narcotics, is that correct?

A. Yes, sir.

All of the above occurred before any significant objection was made. In fact, appellant did not object until the State attempted to introduce the heroin itself into evidence.

Only recently in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, where, observing that, "though constitutional rights may not easily be waived," we said, "It is fundamental that a timely objection to inadmissible evidence must be urged at the first opportunity. This was not done, nor has appellant shown a reason for delaying his objection." By permitting the above evidence to go before the jury without an objection, this appellant must clearly be held to have waived objections made later.

His fourth ground of error alleged the suppression of evidence. During the hearing on the search, in the absence of the jury, the officer told the court of the surveillance which had been conducted. He mentioned that he had seen two known narcotic users separately enter the apartment in question, remain a few moments, then leave. When he was asked by appellant's counsel, to name them, he declined. He was not required to do so under the holding in Bosley v. State, Tex.Cr.App., 414 S.W.2d 468, 472. Therefore no evidence was illegally withheld.

His fifth ground of error is that the officer's testimony that the above persons were known users constituted hearsay because the officer admitted that he had never seen them inject themselves with narcotics. This was also in the absence of the jury, and the officer told the court the following:

Your Honor, when we stop and question these people at various times when we see them on the streets, addicts very readily admit to us whether they do use narcotics. * * * and through the observation of the needle marks.

This testimony was not introduced before the jury and no error is shown.

His last ground of error is that Art. 725b, Vernon's Ann.P.C. is unconstitutional. This has been decided adversely to him, Capuchino v. State, Tex.Cr.App., 389 S.W. 2d 296.

The judgment is affirmed.