State v. Wiley

---

———————

STATE OF NORTH CAROLINA v. WILLIAM OSCAR WILEY

No. 7418SC120

(Filed 20 February 1974)

**Automobiles § 131— leaving accident scene — insufficient warrant**

  Warrant was insufficient to charge the offense of leaving the scene of an accident, G.S. 20-166, where it did not charge defendant with operating the motor vehicle involved in the accident and did not charge that he failed to give his name and address and driver's license number before leaving the scene of the accident.

APPEAL by defendant from *Long, J.,* at the 11 June 1973 Session of the General Court of Justice, Superior Court Division, of GUILFORD County.

The defendant was tried on a warrant charging him with leaving the scene of an accident. From a jury verdict of guilty and judgment pronounced thereon, the defendant made a motion in arrest of judgment. From the denial of his motion, the defendant appealed.

The pertinent part of the warrant upon which the defendant was tried reads as follows:

  The affiant, being duly sworn, says that the above-named defendant, on or about Friday, 7:30 p.m., the 6 day of April 1973 in the above named county, did unlawfully and willfully operate a motor vehicle on a public street or public highway: By leaving the scene of a collision (property damage only) in violation of and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.

State v. Wiley

The State's evidence tended to show that the defendant was operating his vehicle when the accident occurred. The defendant offered evidence that he was not operating the truck and that he was not involved in a collision. There was no dispute that the driver of the truck fled the scene of the accident.

*Attorney General Robert Morgan by Associate Attorney Howard A. Kramer for the State.*

*Booth, Fish, Adams, Simpson, and Harrison, by A. Wayne Harrison for the defendant.*

CARSON, Judge.

The only question presented on appeal is whether the trial court erred in failing to allow the motion in arrest of judgment. If the warrant was not valid, the motion should have been allowed.

It is well established in this State that a bill of indictment or a warrant is insufficient to confer jurisdiction unless it charges all essential elements of a criminal offense. *State v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166 (1946) ; 4 Strong's N. C. Index 2d, Indictment and Warrant, § 9. While the warrant apparently attempted to charge a violation of G.S. 20-166, it has failed in two vital respects. In the first instance, it does not charge the defendant with operating the motor vehicle which was involved in the accident. This, of course, is essential to the offense. It furthermore does not charge that he failed to give his name and address and driver's license number before leaving the scene of the accident. Both of these are essential elements of the crime, and the lack of either causes the warrant to be a nullity. *State v. Overman,* 257 N.C. 464, 125 S.E. 2d 920 (1962) ; *State v. Chavis,* 9 N.C. App. 430, 176 S.E. 2d 388 (1970) ; 1 Strong's N. C. Index 2d, Automobiles, § 131.

A motion to quash by counsel for the defendant made before trial in District Court or before the jury trial in Superior Court would have resulted in saving the State a great deal of time and expense. Because of the invalid warrant, jeopardy did not attach. A new warrant may be issued, and the defendant may be tried again at the option of the Solicitor.

Judgment arrested.

Chief Judge BROCK and Judge MORRIS concur.