STATE OF NORTH CAROLINA v. JIMMY AUSTIN NORRIS

No. 7510SC204

(Filed 18 June 1975)

1. **Automobiles § 131— failure to stop after accident — proviso concerning parked and unattended vehicles**

    In the statute setting forth the offense of failing to stop at the scene of an accident which resulted in property damage, G.S. 20-166(b), the proviso concerning parked and unattended vehicles does not describe a separate offense but merely withdraws from the general language of the statute the case of a parked and unattended vehicle whose owner is not readily ascertainable; therefore, the proviso need not be negatived in the warrant.

2. **Automobiles § 131— failure to stop after accident — allegations of failure to give identifying information — parked and unattended car — no variance**

    There was no fatal variance where the warrant charged defendant with violating the general provisions of G.S. 20-166(b) by failing to stop at the scene of an accident and to give certain identifying information and the evidence showed that defendant struck a parked and unattended vehicle, since a driver violates the statute by failing to stop at the accident scene, all the evidence showed that defendant failed to stop at or near the scene, and the allegations concerning fail-

ure to give the identifying information become relevant only if there is evidence that defendant immediately stopped at the scene; furthermore, there was evidence that the struck vehicle was parked in front of the home of the owner, who was present and may have been "readily ascertainable," and that defendant was therefore required to give the identifying information alleged in the warrant.

**3. Criminal Law § 99— remarks by trial judge — fair trial**

Defendant was not denied the right to a fair trial when, upon being informed by defense counsel that he would like to be heard on a motion in the absence of the jury, the court asked, "You want to be heard on it?" and stated to the jury that "I'll have to let you go to your jury room again. It won't be long. I don't know as how I would light up a cigarette," or when the court asked defense counsel out of the jury's presence, "You serious about a motion?" and thereafter stated, "All right I'll listen to you, but I can't imagine what you're going to say," and "There's not any sense in that so it's denied."

**4. Constitutional Law § 32; Criminal Law § 99— effective assistance of counsel — remark by trial judge**

Defendant was not denied his right to the effective assistance of counsel by the trial court's statement out of the jury's presence before the State's case was completed that "if the jury finds this man guilty, I'm going to put him in prison. You ought to think about that between now and the time we finish this case."

APPEAL by defendant from *Bailey, Judge.* Judgment entered 19 December 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 8 May 1975.

Upon conviction in District Court, defendant was tried in Superior Court on two warrants charging him with operating a motor vehicle on a public street, highway or vehicular area while under the influence of intoxicating liquor and with failing to stop at an accident which resulted in property damage, in violation of G.S. 20-166(b).

Bill Rawls testified for the State that on 15 June 1974, between 1:30 and 2:00 a.m., he saw a large dark automobile run into a Vega automobile, parked on Park Avenue 15 or 20 feet from the porch where he stood, and continue down the street. Jeffery Billheimer identified the Vega as his and testified that it was undamaged when he parked it in front of his house on the night in question. He later observed that the vehicle had been pushed into a telephone pole causing damage front and rear. A neighbor, David Batt, testified that on 15 June 1974, between 1:30 and 2:00 a.m., he heard a crash, ran outside, and saw a late model automobile on Park Avenue proceeding toward Hillsborough Street. He gave a description of the vehicle and

State v. Norris

the license plate number to Officer G. L. Mack who came to investigate the incident.

Officer Mack testified that shortly after responding to the call he saw Jimmy Austin Norris, operating a Lincoln Continental, back into another vehicle in the parking lot of the Hilton Inn on Hillsborough Street. He stopped Norris and, observing his condition, placed him under arrest for driving under the influence. Norris refused to take the breathalyzer test. Officer Mack's description of the damage to Norris's vehicle and the license plate number corresponded with those given by the witness Batt.

Defendant offered no evidence, and the jury found him guilty as charged. From judgment imposing a prison sentence, defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Jerry J. Rutledge, for the State.*

*H. Spencer Barrow, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant assigns error to the trial court's denial of his motions for judgment as of nonsuit on grounds of variance. He contends that the statute creates two distinct offenses, one dealing with occupied vehicles and the other dealing with parked or unattended vehicles, and that the warrant charged him with the former while the evidence supported the latter. We disagree.

G.S. 20-166 provides in part as follows:

"*Duty to stop in event of accident or collision; furnishing information or assistance to injured person, etc.; persons assisting exempt from civil liability.*

. . . .

(b) The driver of any vehicle involved in an accident or collision resulting in damage to property and in which there is not involved injury or death of any person shall immediately stop his vehicle at the scene of the accident or collision and shall give his name, address, operator's or chauffeur's license number and the registration number of his vehicle to the driver or occupants of any other vehicle involved in the accident or collision or to any person whose property is damaged in the accident or collision; provided

that if the damaged property is a parked and unattended vehicle and the name and location of the owner is not known to or readily ascertainable by the driver of the responsible vehicle, the said driver shall furnish the information required by this subsection to the nearest available peace officer, or, in the alternative, and provided he thereafter within 48 hours fully complies with G.S. 20-166.1(c) [report to owner of parked or unattended vehicle], shall immediately place a paper-writing containing said information in a conspicuous place upon or in the damaged vehicle. . . ."

In our view the proviso merely withdraws the case of a parked or unattended vehicle whose owner's identity is not readily ascertainable from the general language of the statute. It does not describe a separate offense, and therefore it need not be negatived in the warrant. See State v. Abbott, 218 N.C. 470, 11 S.E. 2d 539 (1940); State v. Burton, 138 N.C. 576, 50 S.E. 214 (1905).

[2] The statute requires that the driver of the responsible vehicle immediately stop at the scene and give certain identifying information. The driver violates the statute if he does not immediately stop at the scene. All of the evidence in this case tends to show that the defendant failed to stop at or anywhere near the scene. Under these circumstances the warrant's allegations that the defendant "did fail to . . . give his name, address, operator's lic. number and registration number of his vehicle to the driver and occupants of the other vehicle involved" would become relevant only if there was some evidence that he immediately stopped at the scene.

It is noted, however, that there is evidence that the damaged vehicle was parked in front of the home of the owner, who was present and may have been "readily ascertainable by the driver." If so, the defendant failed to give identifying information to the owner as alleged in the warrant. There is no variance requiring nonsuit.

Defendant's remaining assignments of error concern comments made by the court during the trial. G.S. 1-180 places a duty on the trial judge to be absolutely impartial. He is not to intimate his opinion in any way, but he is to insure a fair and impartial trial before a jury.

State v. Norris

**[3]** The challenged remarks in this case were made both in and out of the jury's presence. No useful purpose would be served by setting out all of them. The following exchange is illustrative:

"Mr. Barrow: 'Your Honor, I'd like to be heard on a motion, if I could at this time out of the presence of the jury.'

Court: 'You want to be heard on it?'

Mr. Barrow: 'I would like to, yes sir, for the purpose of the record.'

Court: 'Ladies and Gentlemen, I'll have to let you go to your jury room again. It won't be long. I don't know as how I would light up a cigarette.'

Jury Absent

Court: 'You serious about a motion?'

Mr. Barrow: 'Yes sir, I would like to make a motion for nonsuit and like to be heard on it.'

Court: 'All right I'll listen to you, but I can't imagine what you're going to say. Go ahead.'

(Argument by Mr. Barrow)

Court: 'There's not any sense in that so it's denied. Bring them back. There ain't any sense in that.' "

We do not approve of the judge's critical comments. Nevertheless, while these gratuitous statements before the jury were entirely unnecessary and improper, we do not find that their probable result was prejudicial to defendant. The "bare possibility" that defendant may have suffered prejudice is not enough to overturn a guilty verdict. *See State v. Best,* 280 N.C. 413, 186 S.E. 2d 1 (1972); *State v. Holden,* 280 N.C. 426, 185 S.E. 2d 889 (1972); *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9 (1951); *State v. Brooks,* 15 N.C. App. 367, 190 S.E. 2d 338 (1972).

**[4]** Defendant further challenges this statement by the judge: "Now while the jury is out, I think you might as well know if the jury finds this man guilty, I'm going to put him in prison. You ought to think about that between now and the time we finish this case." This comment came before the State had finished putting on evidence. It raises the question of whether the effective assistance of counsel was impaired.

The assistance of counsel for defendant is a right guaranteed by state and federal constitutions. Improper remarks or threats by trial judges which intimidate and frustrate lawyers could cost the accused effective use of counsel. *See generally* Annot., 62 A.L.R. 2d 166 (1958). From the record it is apparent that counsel was unintimidated by the court and continued a vigorous defense of his client. Although his efforts were unsuccessful, it cannot be said that he "trimmed his sails to the judicial wind that prevailed in the courtroom during the trial. . . ." *Id.* at 191.

We have examined all of defendant's assignments of error concerning comments by the court, and we have carefully examined the record. We find

No error.

Judges MARTIN and CLARK concur.