Gary **CURRY**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections.**

**Civ. A. No. 74–H–506.**

United States District Court, S. D. Texas, Houston Division.

Aug. 26, 1975.

J. Frank Svetlik, Houston, Tex., for petitioner.

Calvin Botley, Asst. Atty. Gen., Houston, Tex., for respondent.

## MEMORANDUM AND ORDER

SINGLETON, District Judge.

Petitioner was indicted on March 7, 1967, for unlawful possession of heroin. He was tried before a jury on May 28, 1968, on a plea of not guilty in the 174th District Court of Harris County, Texas, in Cause No. 124,842. The jury found petitioner guilty and assessed punishment at fifteen years confinement in the Texas Department of Corrections. Petitioner appealed his conviction to the Court of Criminal Appeals which affirmed his conviction. *Curry v. State*, 459 S.W.2d 644 (Tex.Crim.App.1970). Petitioner subsequently filed a pro se post-conviction application for writ of habeas corpus pursuant to Article 11.07, Texas Code of Criminal Procedure, which was reviewed ex parte and denied without written order by both the trial court and the Court of Criminal Appeals.

Petitioner then filed a petition for a writ of habeas corpus in this court in which the following issues of constitutional dimension have been presented:

1. Whether the failure of the State to disclose the identity of its informer violated petitioner's sixth amendment right of confrontation of witnesses.

2. Whether petitioner was denied effective assistance of counsel as a matter of law since his attorney had been convicted of a felony which was on appeal to the Texas Court of Criminal Appeals at the time of Petitioner's trial.

3. Whether the identity of "known narcotics users," whose association with petitioner was part of the basis for the issuance of a search warrant which led to petitioner's arrest, should be protected from requested disclosure at petitioner's trial.

■ In regard to petitioner's first point, both federal and state courts have long recognized that a police informer should not have his identity disclosed in open court, because of the public interest served by having that source available to provide fu-

ture tips on criminal activity. *See U. S. v. Drew*, 436 F.2d 529 (5th Cir. 1970). The court is not persuaded as petitioner contends, that the facts are such that this case should fall into one of the several recognized exceptions to the general rule that a criminal defendant may not obtain the name of an informer whose information leads to that defendant's subsequent arrest and prosecution.

■ Petitioner further claims that his trial counsel, Mr. S. John Odom was not competent as a matter of law to represent him. In Texas, a lawyer is deemed incompetent to represent a criminal defendant as a matter of law when he has been finally convicted and disbarred by the State of Texas upon authorization of the Supreme Court of Texas. Until such time, the lawyer is a "practicing attorney" capable of rendering effective assistance. *See Erdelyon v. State*, 481 S.W.2d 843 (Tex.Crim. App.1972). Mr. Odom, although convicted, was not under final conviction since his conviction was on appeal. He was not under disbarment and was therefore, at the time of trial, a practicing member of the Supreme Court of Texas. Petitioner alleges no other grounds as to his counsel's ineffectiveness; therefore, petitioner has failed to show that he was denied effective assistance of counsel.

■ With regards to Petitioner's third point above, the court is of the opinion that the trial court's refusal to compel disclosure of the names of "known narcotics users," whose presence was in part the basis for the issuance of the search warrant, violated petitioner's fourteenth amendment rights of due process of law.

The trial record in this case indicates that pursuant to a search warrant, Officer M. W. Hambrick and other officers of the Houston Police Department entered the residence of William J. Cooper on the afternoon of April 18, 1966, and arrested petitioner, Gary Lynn Curry. At the trial, and without the presence of the jury, the State showed, through the testimony of Officer Hambrick, that the search warrant was obtained on the basis of a police informant's tip and later observations by police officers of known narcotic users entering and leaving the apartment in which petitioner was arrested. (Record, pp. 38–44.) Defense counsel attempted to obtain the names of the informer and the people seen at the apartment from Officer Hambrick. The trial judge sustained, without articulating his reasons, the prosecutor's objections to revealing these names. When the State attempted to introduce the search warrant, the trial court sustained defense counsel's objection to its admission (Record, p. 49) and the search warrant does not appear in the record.

When the jury returned, the trial court, over defense counsel's objection, allowed Officer Hambrick to testify that he had seen "known users of narcotics" enter and leave the apartment in which petitioner was arrested (Record, pp. 51–52). Officer Hambrick further testified that the search uncovered five small packages of heroin within the apartment which resulted in petitioner's arrest (Record, p. 53).

This court is of the opinion that the disclosure of the identities of the "two narcotic users" was crucial to petitioner's defense. If one of these two people had been the informer, then the privilege against disclosure would be available. There is no evidence, however, to indicate that the "two narcotic users" were informers. Furthermore, the petitioner was denied the opportunity to challenge Officer Hambrick's affidavit given to the magistrate in order to obtain the search warrant.

Had the identity of the two narcotic users been revealed to the petitioner, he might have called them as witnesses and their testimony might have been used to impeach Officer Hambrick. Since there is no compelling public policy considerations, such as exist in refusing to disclose the identity of informers, this court is of the opinion that the names of the two narcotic users, whose presence was used in part to issue a search warrant, should have been disclosed.

In an analogous situation, the Supreme Court held that the right of an accused to

have compulsory process for obtaining witnesses in his favor, guaranteed in federal trials by the sixth amendment, is so fundamental and essential to a fair trial that it is incorporated in the due process clause of the fourteenth amendment. So as to be applicable to state trials, *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), the court stated that "[t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecutor's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington v. State, supra* at 19, 87 S.Ct. at 1923, 18 L.Ed.2d at 1023. In the instant case, petitioner was denied due process as guaranteed by the fourteenth amendment by the very fact that he was not even given the opportunity to explore possible avenues of defense vis a vis the "two narcotic users."

· The State of Texas withheld from petitioner the names of the alleged known users of narcotics before trial and at the time of trial. It was their presence and actions which the officers used in part to procure a search warrant. Petitioner was never afforded an opportunity to find these witnesses and ask them where they were at the relevant times, whom they were with, or to prove their whereabouts elsewhere by independent testimony. Petitioner was denied the opportunity to determine whether these two users of narcotics actually existed.

The rationale most frequently used to justify nondisclosure of the names of informers are: (1) fear for the informer's safety and (2) protecting the future crimefighting potential of the informer. None of the policy considerations attendant to secrecy of the identity of informants apply to

these witnesses. The failure to disclose the names of these two potential witnesses denied petitioner the opportunity to adequately prepare a defense to the charges brought against him. This court holds that the right to adequately prepare a defense is a fundamental element of due process, and thus petitioner has been denied due process of law. For these reasons, this court is of the opinion that the petition for writ of habeas corpus should be, and hereby is, granted.

The State is ordered to retry the petitioner in the 174th District Court of Harris County, No. 124,842, styled *The State of Texas v. Gary Curry,* within ninety (90) days or to dismiss the case. The State is directed to inform the court of its chosen course of action in this regard.

It is so ORDERED.