**Gary CURRY, Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

No. 75–3908

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 20, 1976.

John L. Hill, Atty. Gen., Calvin Botley, Asst. Atty. Gen., David M. Kendall, First Asst. Atty. Gen., Joe B. Dibrell, Asst. Atty. Gen., Houston, Tex., for respondent-appellant.

J. Frank Svetlik (Court-appointed), Houston, Tex., for petitioner-appellee.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

The District Court granted habeas relief to petitioner-appellee Curry, a state prisoner, because of the prosecution's refusal to disclose the identities of two "known narcotics users" allegedly seen with the petitioner by the police shortly before his arrest. *Curry v. Estelle,* S.D.Tex., 1976, 412 F.Supp. 198 [No. 74–H–506, Filed Aug. 26, 1975]. The police obtained a search warrant to enter a residence and subsequently they arrested appellee. The defense sought the identities of the known narcotics users, by pre-trial motion and again during the trial, for purposes of challenging the probable cause underlying the search warrant, which was issued on the basis of an informant's tip and the association of petitioner with the two known narcotics users, and for the purpose of impeaching the arresting officer's testimony.

Although not asserting that any harm would follow from the release of the identities of the two known narcotics users, the State argues, as it did in the District Court, that the two known narcotics users should be treated as informers and that their identities therefore need not be revealed. The District Court rejected this argument, holding—we think correctly—that the policies behind withholding the identity of an informer are not applicable to a person merely seen with the accused who is not himself an informer. The District Court instead analogized to the right of an accused to have compulsory process for obtaining witnesses in his favor, *see Washington v. Texas,* 1967, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, and reasoned that discovering the identities of the two known narcotics users was necessary for the petitioner to exercise that right.

We agree with the District Court's result, and we believe that this case is con-

trolled simply by *Brady v. Maryland,* 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. The identities of the two known narcotics users were known to the state prosecution, were requested prior to trial by the defense (and what was requested and obtainable before trial was also available by a renewed motion during trial), and were possibly exculpatory of the petitioner as the basis for an attack on the search warrant or in impeaching the testimony of the arresting officer. Where none of the factors are present which justify withholding an informer's identity, the names of the two known narcotics users here should have been revealed under *Brady v. Maryland, supra.*[1]

Affirmed.

---

1. The effect of our holding is to disagree with at least three Texas cases which, without any articulated reasons, reach a contrary result. *See Phenix v. State,* Tex.Cr.App., 1973, 488 S.W.2d 759; *Curry v. State,* Tex.Cr.App., 1970, 459 S.W.2d 644; *Bosley v. State,* Tex.Cr.App., 1967, 414 S.W.2d 468, 472, *cert. denied* 389 U.S. 876, 88 S.Ct. 172, 19 L.Ed.2d 162.