**Robert O'QUINN, Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

No. 77–2767

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 12, 1978.

Rehearing and Rehearing En Banc Denied July 31, 1976.

John L. Hill, Atty. Gen., Gilbert J. Pena, David M. Kendall, Joe B. Dibrell, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

John J. Browne, Houston, Tex., for petitioner-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

RONEY, Circuit Judge:

This is an application for habeas corpus relief brought under 28 U.S.C.A. § 2254. Petitioner Robert O'Quinn seeks release from the Texas Department of Corrections, contending that his fourth, sixth, and fourteenth amendment rights were violated by the State when the prosecution refused to reveal the identity of "known narcotics users" whose alleged presence at O'Quinn's residence was relied upon by the State in securing the search warrant which led to his arrest. The district court granted relief. Because O'Quinn had a full and fair opportunity to litigate his claim in State court, we hold that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), mandates reversal.

In October 1967 Houston police officers received information from a reliable informer that O'Quinn had heroin in his possession for sale and use. Acting on this information, Houston police, over a period of three days, observed five "known narcotics users" at O'Quinn's residence. These facts were set forth in an affidavit supporting a search warrant of O'Quinn's residence. The police executed the search warrant on the fourth day, October 26, 1967. Narcotics were found in O'Quinn's possession, and he was arrested. O'Quinn attempted to learn the names of "known narcotics users" in a pretrial discovery motion. The State trial court denied this part of the discovery motion in a pretrial hearing. O'Quinn reurged his request just prior to trial, and it was again denied.

* Rule 18,, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

A jury found O'Quinn guilty of possession of heroin and sentenced him to life imprisonment. On direct appeal to the Texas Court of Criminal Appeals, O'Quinn attacked the State's refusal to identify the five known narcotics users. His conviction was affirmed. *O'Quinn v. Texas*, 462 S.W.2d 583 (Tex.Crim.App.1970).

In 1971 O'Quinn filed a petition for writ of habeas corpus in federal district court, again alleging constitutional error in the State court's failure to order disclosure of the known narcotics users. The district court denied the writ, and this Court affirmed without opinion. *O'Quinn v. Estelle*, 488 F.2d 1406 (5th Cir. 1974). O'Quinn's petition for rehearing en banc was denied, 491 F.2d 1272 (5th Cir. 1974), and the Supreme Court denied certiorari, 419 U.S. 863, 95 S.Ct. 117, 42 L.Ed.2d 99 (1974).

On May 20, 1976, this Court decided *Curry v. Estelle*, 531 F.2d 1260 (5th Cir. 1976), which on facts substantially identical to the instant case affirmed the district court's grant of habeas corpus relief. We held that the identities of two "known narcotics users," which "were possibly exculpatory of the petitioner as the basis for an attack on the search warrant or in impeaching the testimony of the arresting officer," should have been disclosed by the prosecution under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Armed with this decision, O'Quinn filed in State court a petition for habeas corpus, again pressing the identical constitutional claims asserted earlier in his direct appeal. The State trial court denied the application, and the Texas Court of Criminal Appeals affirmed without opinion. O'Quinn then filed the instant § 2254 application in federal court and moved for summary judgment. Relying on *Curry*, the district court entered summary judgment for O'Quinn and ordered that he either be retried within 90 days or be released.

If viewed by itself, this Court's decision in *Curry* would require affirmance of the district court's grant of habeas corpus relief. Our inquiry, however, cannot end with *Curry*, for less than two months after

*Curry* was decided, the Supreme Court handed down *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which substantially contracted the power of federal courts to grant habeas corpus relief to state prisoners alleging fourth amendment violations.

In *Stone* the Court considered the § 2254 petitions of Lloyd Powell and David Rice, who were both incarcerated in state prisons under convictions obtained in part on the basis of evidence seized in violation of the fourth amendment. Both Stone and Rice unsuccessfully pressed their fourth amendment claims in their respective state court appeals and then sought federal habeas corpus relief. Stone's petition was denied by the district court, but granted on appeal to the Ninth Circuit; Rice was successful in both the district court and the Eighth Circuit. The wardens of their respective state prisons appealed to the Supreme Court.

The Supreme Court reversed. After a lengthy discussion of the substantial societal costs incurred in applying the exclusionary rule, the Court concluded that collateral review of the search-and-seizure claims of state prisoners would not further the purpose of the rule—to deter unconstitutional police conduct—to an extent sufficient to outweigh the additional costs to the truth-finding process. Accordingly, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052 (footnotes omitted).

The district court in this case held *Stone v. Powell* inapplicable, reasoning that O'Quinn's claim is based on the prosecution's duty to disclose exculpatory information, which under *Brady* arises out of the due process guaranty of a fair trial, not the search-and-seizure clause of the fourth amendment. It is clear, however, that O'Quinn's constitutional claim is ultimately based on the fourth amendment. From a constitutional standpoint, the identities of

the "known narcotics users" are useful to him only in an attack on the probable cause predicate of the search warrant that ultimately yielded the damning narcotics. Indeed, O'Quinn is not even in as good a position as were Messrs. Powell and Rice, for O'Quinn's fourth amendment claim is not yet a reality; he merely hopes that a fourth amendment claim will materialize from disclosure of the five known narcotics users. Nor is O'Quinn entitled to habeas corpus relief under § 2254 on the ground that he was unable to use the known narcotics users as impeachment witnesses. Standing alone, his naked speculation that the persons observed entering his residence might have been helpful to his defense as impeachment witnesses hardly rises to the level of a constitutional violation.

Plaintiff unsuccessfully pressed his claim in Texas state court on direct appeal in 1971. Having received an opportunity for full and fair litigation of his fourth amendment claim, O'Quinn is not entitled to federal habeas corpus relief.

REVERSED.