STATE OF NORTH CAROLINA v. ROBERT JOSEPH LUCAS, JR.

No. 813SC1307

(Filed 6 July 1982)

1. **Automobiles and Other Vehicles § 131— failure to stop at accident scene—sufficiency of warrant**

   A warrant charging that defendant unlawfully failed to stop at the scene of an accident in which the vehicle driven by defendant was involved was sufficient to charge a crime under G.S. 20-166(b) without additional allegations that defendant failed to give his name, address, driver's license number, and the registration number of his vehicle.

2. **Criminal Law § 143.6— violation of probation condition—sufficiency of evidence**

   The evidence in a probation revocation hearing was sufficient to support the trial judge's finding that defendant "willfully and without lawful excuse" violated a condition of his probation by refusing to attend and complete a treatment program.

APPEAL by defendant from *Small, Judge* and from *Brown, Judge*. Orders entered 18 May 1981 and 14 July 1981 in Superior Court, PITT County. Heard in the Court of Appeals 25 May 1982.

*Attorney General Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Jeffrey L. Miller and Tharrington, Smith & Hargrove, by Wade M. Smith, for defendant-appellant.*

HILL, Judge.

In Pitt County case No. 80CRS607, defendant was charged with misdemeanor larceny, to which he pleaded guilty in superior court as a part of a plea bargain. He was given a two year suspended sentence and placed on probation for three years. In case No. 80CRS12196, defendant was charged with misdemeanor trespass, and in case No. 80CRS12197, defendant was charged with failure to stop at the scene of an accident. Again as a part of

a plea bargain, defendant pleaded guilty to both charges in superior court. The cases were consolidated for judgment and defendant was given a two year suspended sentence and placed on probation for three years. In Wake County case No. 79CRS72590, transferred for supervision to Pitt County and known there as No. 81CRS7359, defendant was charged with misdemeanor credit card fraud. He was given a twelve month suspended sentence and placed on probation for three years.

On 11 February 1981, defendant's probation in case No. 80CRS607 was modified to include the condition of probation required in No. 80CRS12196 and No. 80CRS12197, that he "[e]nter the program administered by Health Services of the Roanoke Valley, . . . Roanoke, [Virginia], initially at Hegira House and subsequently at Omni House, and that he satisfactorily attend and complete the requirements of said program." A probation violation report was filed on 13 March 1981 stating that "on March 3, 1981 Hegira House terminated the defendant from its program for his being unmotivated, uncommitted and extremely resistant to the treatment offered to him at Hegira House . . . ."

A hearing on the revocation of defendant's probation was convened on 18 May 1981 at which the State's evidence tends to show that defendant did not wish to be at Hegira House. Henry L. Altice, director of Hegira House, testified that the treatment at the house was based upon "insight therapy" and group confrontation. Basically, Altice stated, "If you do something, you get something for it. If you don't, you get dealt with for it. But in terms of actual therapy, there are all types of therapy — energetics, reality, and encounter therapy. One to one counselling and family therapy." Altice further testified that defendant did not perform his assigned tasks at Hegira House and refused to give urine specimens used to monitor drug usage. In sum, Altice stated that defendant "was terminated because of the lack of commitment and involving himself into the process of the program and refusing to take care of himself and in giving urinalysis, and disobeying directions from the staff to work on his crew when he was expected to do that."

Defendant's evidence tends to show that the Hegira House method of treatment was inappropriate for defendant. Dr. James L. Mathis, a psychiatrist, testified that "[a] confrontive-type en-

vironment as described by Mr. Altice would create in [defendant] a tremendous anxiety and create in him a tremendous desire to escape and get away from there." Defendant testified that he did not understand the treatment program at Hegira House and was rebuffed when he made inquiries about "what was going on." Defendant described various "confrontation" methods used at the house that involved yelling obscenities at him to induce crying, and deprivation of sleep, food, and contact with "the family." He stated that he had trouble giving the urine specimens because he had to give them in front of other people. Defendant also admitted that he refused to give urine specimens and that he disobeyed directions from the staff, but he apparently was told by a doctor to refrain from certain activities because of a back ailment caused by a previous automobile injury.

The judge found as a fact that defendant "wilfully and without lawful excuse violated his special condition of probation . . . by refusing to attend and complete the requirements of the program . . . at Hegira House," and ordered that defendant's probation be revoked and the suspended sentences be immediately effectuated.

On 4 June 1981, defendant filed a motion for appropriate relief in superior court stating that the trial court lacked subject matter jurisdiction, that "[t]he acts charged in the criminal pleading did not constitute a violation of criminal law," and that the sentence was illegally imposed or otherwise invalid as a matter of law. The motion was "deemed .denied" because defendant already had given notice of appeal from the orders revoking his probation and the superior court thereby had no jurisdiction.

The appeals from the orders revoking defendant's probation and from the order denying his motion for appropriate relief were consolidated for our disposition on 2 September 1981.

[1] Defendant first argues that the judge had no jurisdiction or authority to revoke his probation and effectuate his suspended sentences because the warrant in case No. 80CRS12197 is fatally defective. The warrant states, in part, as follows:

[D]efendant named above did unlawfully, willfully, . . . fail to stop at the scene of an accident and collision occurring on N.C. 33 . . . Highway . . . in which the vehicle driven by the defendant was involved.

G.S. 20-166(b), under which defendant was charged in this warrant, states, in part, as follows:

The driver of any vehicle involved in an accident or collision resulting in damage to property and in which there is not involved injury or death of any person *shall immediately stop his vehicle at the scene of the accident or collision and shall give his name, address, driver's license number and the registration number of his vehicle* to the driver or occupants of any other vehicle involved in the accident or collision or to any person whose property is damaged in the accident or collision . . ..

(Emphasis added.) Thus, defendant contends that the warrant quoted above is fatally defective because it did not charge the essential elements of the crime; to wit, defendant's failure to give his name, address, driver's license number, and registration number of his vehicle.

"The driver violates the statute if he does not immediately stop at the scene." *State v. Norris*, 26 N.C. App. 259, 262, 215 S.E. 2d 875, 877 (1975), *cert. denied*, 423 U.S. 1073 (1976). In *Norris*, this Court held that the warrant's allegations that Norris " 'did fail to . . . give his name, address, operator's lic. number and registration number of his vehicle . . .' would become relevant only if there was some evidence that he immediately stopped at the scene." *Id.*

We distinguish the present case from *State v. Wiley*, 20 N.C. App. 732, 203 S.E. 2d 95 (1974), which is cited by defendant. In *Wiley*, the warrant read, in part, as follows:

[D]efendant . . . did unlawfully and willfully operate a motor vehicle on a public street or public highway: *By leaving the scene of a collision* (property damage only) in violation of and contrary to the form of the statute . . ..

*Id.* at 732, 203 S.E. 2d at 95 (emphasis added). The evidence was uncontroverted that the driver of the truck fled the scene of the accident. This Court arrested judgment because the warrant did not charge Wiley with operating the motor vehicle which was involved in the accident, and it did not charge that Wiley failed to give his name, address, and driver's license number before leaving the scene of the accident. *Id.* Having stopped, Wiley could

have given the information required by G.S. 20-166(b); therefore, that warrant was fatally defective. In the present case, however, defendant was charged with failing to stop at the scene of an accident. Not having stopped, defendant could not have given the information required by the statute.

Under the principles stated in *Norris*, we find that the warrant in case No. 80CRS12197 is sufficient to charge the offense. Defendant's remaining arguments on this point, dependent upon the above disposition, are likewise without merit.

[2] Defendant's final arguments challenge the sufficiency of the evidence to support the judge's findings of fact, conclusions, and orders revoking defendant's probation. As noted above, the judge found as a fact that "defendant has wilfully and without lawful excuse violated his special condition of probation . . . by refusing to attend and complete the requirements of the program . . . at Hegira House . . .."

It is well settled that in a probation revocation hearing, "[a]ll that is required . . . is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." *State v. Hewitt*, 270 N.C. 348, 353, 154 S.E. 2d 476, 480 (1967), and cases cited therein. Of course, the judge's findings of fact in such a hearing should be definite and not conclusory. *State v. Robinson*, 248 N.C. 282, 103 S.E. 2d 376 (1958).

We conclude that the evidence recounted above is sufficient to support the judge's finding of fact that defendant "wilfully and without lawful excuse" violated the condition of his probation "by refusing to attend and complete" the Hegira House program. Further, the findings of fact are sufficiently definite to support the order revoking defendant's probation. The judge need not make extensive findings of fact, but they must be sufficient to satisfy the requirements quoted above in light of the evidence presented. This the judge accomplished in the present case.

For these reasons, the orders are

Affirmed.

Judges VAUGHN and MARTIN (Harry C.) concur.