STATE OF NORTH CAROLINA v. DELMA JUNE EDWARDS

No. 8428SC728

(Filed 19 March 1985)

**1. Constitutional Law § 48— inquiries from State Bar—subsequent disbarment— no presumption of ineffective assistance of counsel**

　　　Inquiries from the State Bar to defendant's counsel before her trial and the disbarment of defendant's attorney subsequent to her trial did not create a presumption of ineffectiveness of counsel at her trial.

**2. Constitutional Law § 48— effective assistance of counsel—failure to file pretrial motions**

　　　Defendant was not denied the effective assistance of counsel because her attorney failed to file any pretrial motions where the record shows that the attorney was prepared to defend the case against defendant and that he capably conducted such defense.

**3. Constitutional Law § 48— disruptive conduct by counsel—no ineffective assistance of counsel**

Defendant was not denied the effective assistance of counsel because her attorney, during the prosecutor's cross-examination of an alibi witness, slammed a group of papers to the table in front of him and then stood up and interrupted the prosecutor by addressing the court, and the court then admonished defense counsel that he would be held in contempt if he repeated such conduct.

**4. Criminal Law § 99.5— no expression of opinion**

Defendant's cause was not prejudicially discredited when the trial court admonished defense counsel that he would be held in contempt if he repeated certain disruptive conduct, although the court failed to give corrective instructions, where the record shows that counsel was not intimidated thereby.

ON writ of certiorari to review judgment entered by *Thornburg, Judge.* Judgment entered 22 January 1981 in BUNCOMBE County Superior Court. Heard in the Court of Appeals 15 February 1985.

Defendant was indicted for the second degree murder of Frank Waldroup. The evidence for the state tended to show that defendant lived with Waldroup. The two had been drinking and arguing at their home in a trailer park. Waldroup went to the manager's trailer to ask if he could spend the night in an empty trailer. He was shot on the manager's front steps. There were no eyewitnesses to the actual shooting, but witnesses observed defendant walking back to her trailer from the scene after the shooting and overheard her making incriminating statements. She was arrested at home shortly afterward. Defendant presented evidence of alibi and of intoxication. Upon a verdict of guilty, defendant received a sentence of thirty to thirty-five years imprisonment. She appealed, but her appeal was never perfected, apparently because of disbarment proceedings against her attorney. Writ of certiorari was granted 16 March 1984.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Assistant Public Defender Lawrence C. Stoker for defendant.*

WELLS, Judge.

Defendant does not challenge the introduction of or the sufficiency of the evidence. Instead, her assignments of error relate to

the effectiveness of counsel, and the trial court's admonition to defense counsel following an incident during the trial.

[1] Defendant first contends that the pending and ultimate disbarment of her trial counsel, Wesley F. Talman, Jr., *see N.C. State Bar v. Talman*, 62 N.C. App. 355, 303 S.E. 2d 175, *disc. rev. denied*, 309 N.C. 192, 305 S.E. 2d 189 (1983), raises a reasonable doubt as to the effectiveness of his assistance at trial. We note first that defendant bears a heavy burden of proof on this issue. *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982). The record clearly shows that actual proceedings against Talman did not commence until *after* defendant's trial had ended. (Talman had received inquiries from the State Bar eight months before trial.) Only rarely will such surrounding circumstances justify a presumption of ineffectiveness independent of counsel's actual trial performance. *United States v. Cronic*, --- U.S. ---, 104 S.Ct. 2039 (1984). Subsequent disbarment of counsel does not appear to be such a circumstance. *Id.* To the contrary, the limited authority we have found leads us to conclude that *subsequent* disbarment proceedings generally are irrelevant in considering Sixth Amendment claims. *See Ruffin v. United States*, 330 F. 2d 159 (8th Cir. 1964) (no "legal shadow" cast by "abstract fact" of subsequent disbarment); *Curry v. Estelle*, 412 F. Supp. 198 (S.D. Tex. 1975) (attorney had been convicted of felony, on appeal at time of trial; not incompetent), *aff'd*, 531 F. 2d 1260 (5th Cir. 1976) (per curiam); *United States ex rel. Ortiz v. Sielaff*, 404 F. Supp. 268 (N.D. Ill. 1975) (simply irrelevant), *aff'd*, 542 F. 2d 377 (7th Cir. 1976); *Escobedo v. United States*, 350 F. Supp. 894 (N.D. Ill. 1972) (attorney served with disciplinary petition *before* trial; conviction affirmed), *aff'd*, 489 F. 2d 758 (7th Cir. 1973) (mem.). Based on the foregoing authorities, we also conclude that the State Bar's inquiries do not raise any question of ineffectiveness.

In order to show ineffective assistance at trial, defendant bears the burden of showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, --- U.S. ---, 104 S.Ct. 2052 (1984); *State v. Braswell*, 312 N.C. 553, 324 S.E. 2d 241 (1985). The reviewing court must consider the totality of the circumstances and the evidence adduced. *Strickland v. Washington, supra.*

[2] Defendant alleges only two errors as constituting ineffective assistance. The first is that Talman never filed any pretrial motions. Such failure does not constitute ineffective assistance *per se*, but must be viewed in light of the entire transcript. *State v. Ginn*, 59 N.C. App. 363, 296 S.E. 2d 825, *disc. rev. denied and appeal dismissed*, 307 N.C. 271, 299 S.E. 2d 217 (1982). The record clearly reflects that Talman was prepared to defend and did indeed capably conduct the defense. He examined the state's witnesses vigorously, using information apparently discovered in the preliminary proceedings. Talman timely requested *voir dire* hearings and obtained suppression of highly incriminating evidence on Fourth Amendment grounds. He presented evidence in defendant's behalf. In the face of powerful evidence of guilt, we conclude that Talman's trial preparation and presentation of defendant's case were more than constitutionally adequate.

[3] Defendant's second instance of allegedly ineffective assistance, on which her remaining assignments of error are also based, involved an outburst by Talman. Talman had completed direct examination of an alibi witness. While the state was cross-examining her, Talman raised up a group of papers and slammed them to the table in front of him, then stood up and addressed the court, interrupting the district attorney. While this conduct was unusual and unprofessional, nothing in the record suggests that this isolated incident affected the quality of the defense, which continued thereafter as before. No similar outbursts occurred. We do not believe that there is a reasonable probability, as opposed to mere speculation, that this attorney error affected the result. *Strickland v. Washington, supra.*

[4] Following Talman's outburst, the following exchange took place:

> COURT: Mr. Talman, if you do that again—
>
> MR. TALMAN: I'm sorry, Your Honor. I'm sorry.
>
> COURT: Just wait until I finish. If you do that again, I'm telling you in open Court and in the presence of everybody assembled that it will be adjudged by me to be a contemptuous act and you will be punished accordingly. Now, did you wish to address the Court?

MR. TALMAN: Yes, Your Honor. I am somewhat upset, Your Honor, about this continuous implication that there is something wrong about this witness talking to me, or of his implication that I am doing something wrong.

COURT: If you have a remark to make or objection to make, make it and I will rule on it. I don't want any more of that conduct. Now, you may have a seat.

MR. TALMAN: All right, sir. I move for a mistrial.

COURT: Motion denied.

Defendant contends that the admonition, without corrective instructions, prejudicially discredited her cause in the eyes of the jury. Such a contention must be evaluated in light of all the circumstances. *State v. Brady*, 299 N.C. 547, 264 S.E. 2d 66 (1980). It is clear that the court had power, including contempt sanctions, to control the proceedings and maintain the dignity of the court in the face of disruptive conduct. *In re Paul*, 28 N.C. App. 610, 222 S.E. 2d 479, *disc. rev. denied and appeal dismissed*, 289 N.C. 614, 223 S.E. 2d 767 (1976). The court made no comment as to the evidence in the case. *See State v. Davis*, 253 N.C. 86, 116 S.E. 2d 365 (1960), *cert. denied*, 365 U.S. 855 (1961). The record reveals only this one admonition; it is apparent from subsequent events in the trial that Talman was not intimidated thereby. *See State v. Norris*, 26 N.C. App. 259, 215 S.E. 2d 875, *cert. denied and appeal dismissed*, 288 N.C. 249, 217 S.E. 2d 673 (1975), *cert. denied*, 423 U.S. 1073 (1976). *Compare United States v. Davis*, 442 F. 2d 72 (10th Cir. 1971) (repeated threats by judge, record revealed intimidation; new trial). No disciplinary action took place before the jury. *See State v. Simpson*, 233 N.C. 438, 64 S.E. 2d 568 (1951) (witnesses arrested for perjury during trial). While an explanatory instruction might have been desirable, none was requested and none appears to be required by these circumstances. In short, we do not believe defendant has shown that this one isolated incident affected the result of the trial. *Accord State v. Coleman*, 65 N.C. App. 23, 308 S.E. 2d 742 (1983), *cert. denied*, 311 N.C. 404, 319 S.E. 2d 275 (1984) (counsel threatened with contempt before jury venire, no prejudicial error). Defendant's accompanying motion for mistrial was therefore properly denied.

Defendant finally urges that her motion for a new trial, based on the foregoing alleged errors, was incorrectly denied. Our dispo-

sition of those questions resolves this assignment against defendant. Defendant received a fair trial, free of prejudicial error.

No error.

Judges WHICHARD and BECTON concur.