STATE OF NORTH CAROLINA
v.
TAMBREY HAUSER
No. COA09-717.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Allison A. Angell, for the State.
Don Willey for Defendant-Appellant.
McGEE, Judge.
Tambrey Hauser (Defendant) entered a plea of guilty to five counts of embezzlement on 7 January 2005. The trial court imposed five consecutive terms of six to eight months in prison and suspended the sentences, placing Defendant on probation for sixty months. Defendant was also ordered to pay $365,000.00 in restitution.
Defendant's probation officer filed a probation violation report alleging that Defendant had willfully violated the monetary condition of her probation on 25 June 2007. According to the report, Defendant was $139,740.00 in arrears and had only paid $25,460.000. This amount was paid at the time of Defendant's original sentencing in January 2005. Defendant was found to have violated her probation on 1 February 2008. The trial court continued Defendant's probation and extended the term of her probation for an additional three years, from 6 January 2010 to 6 January . The trial court also modified the original judgment and ordered Defendant to pay $2,000.00 per month beginning on 1 March 2008.
Defendant's probation officer filed new probation violation reports alleging the following violations on 16 October 2008: (1) failure to report to two office visits with her probation officer; (2) failure to notify her probation officer of her failure to obtain or retain satisfactory employment; (3) failure to pay a monthly probation supervision fee; and (4) failure to pay restitution as scheduled.
The trial court conducted a hearing on 2 February 2009. Defendant admitted that the violations occurred, but she denied that the violations were willful and without just excuse. Following the presentation of evidence and arguments, the trial court revoked Defendant's probation and activated her five consecutive sentences of six to eight months in prison. Defendant appeals.
Defendant contends that the evidence presented at the probation violation hearing was insufficient to establish that she willfully violated the conditions of her probation. Under N.C. Gen. Stat. § 15A-1344 (2007), a trial court has authority to reduce, terminate, continue, extend, modify, or revoke probation upon a finding that the defendant violated the conditions of probation. "Any violation of a valid condition of probation is sufficient to revoke defendant's probation." State v. Tozzi, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987) (citations omitted). "Findings made in support of revoking probation must be supported by competent evidence, and will not be disturbed on appeal without a showing that the trial court committed a `manifest abuse of discretion.'" State v. Sherrod, ___ N.C. App. ___, ___, 663 S.E.2d 470, 472 (2008) (quoting State v. Guffey, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960)).
During a probation revocation hearing, the State bears the burden of presenting evidence "to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition[.]" State v. Lucas, 58 N.C. App. 141, 145, 292 S.E.2d 747, 750 (internal citation omitted), disc. review denied, 306 N.C. 390, 293 S.E.2d 593 (1982). If the State presents evidence that a defendant has violated a condition of probation, the burden shifts to the defendant "to present competent evidence of [the defendant's] inability to comply with the conditions of probation; and [] otherwise, evidence of defendant's failure to comply may justify a finding that defendant's failure to comply was wilful or without lawful excuse." Tozzi, 84 N.C. App. at 521, 353 S.E.2d at 253 (citing State v. Crouch, 74 N.C. App. 565, 567, 328 S.E.2d 833, 835 (1985)).
The trial court made the following findings regarding Defendant's probation violations:
I do notice that she appeared back in January of 2008 in front of Judge Taylor. And Judge Taylor continued her on probation and said pay $2,000.00 per month beginning 3-01-2008. And March, April, May, June, July, August, September, [] October, November, December went by and no payments were made and no proof of employment or the lack thereof. And I understand that she had problems, but in this case as to violations, find the following: She did fail to report to her probation officer on 7-16-2008, and 10-06-2008. She did fail to pay the money as ordered by Judge Taylor. And she has failed to show any employment  proof of employment to the probation officer.
We find that sufficient evidence was presented to show that Defendant willfully and without lawful excuse violated the above-described conditions of her probation.
The evidence presented by the State was sufficient to establish that Defendant failed to notify her probation officer of her failure to obtain or retain satisfactory employment. Defendant was placed on probation in January 2005, but at the time of the hearing, had only been employed at a construction company for approximately two months. Since 2005, instead of seeking employment, Defendant voluntarily enrolled in cosmetology school for a year and a half, but ultimately was ineligible for a license. Defendant most recently enrolled in a two-year program in a travel agency school. Defendant testified that she designs websites for individuals, but she does not have any clients. Defendant further testified that she had applied for various jobs, but had been unsuccessful. However, she admitted that she did not present evidence of her employment efforts to her probation officer. Probation Officer Chappell testified that Defendant had failed to obtain a steady employment, that Defendant had not shown any proof of employment, and that she had "stressed to [Defendant] that it [was] very important that [Defendant] obtain a job and keep it to work on paying toward her court debts." Defendant denied that Officer Chappell instructed her on the importance of finding a job, but admitted that she "[knew] all along [she] need[ed] to try to pay that restitution and that [she] need[ed] to get employment[.]" Despite Defendant's denials, the trial court was free to find Officer Chappell more credible. "In determining whether the evidence warrants the revocation of probation or a suspended sentence, the credibility of the witnesses and the evaluation and weight of their testimony are for the judge." State v. Hewett, 270 N.C. 348, 356, 154 S.E.2d 476, 482 (1967).
Additionally, the evidence was sufficient to establish that Defendant willfully and without lawful excuse violated the restitution condition of her probation. Defendant was obligated to pay $365,000.00 in restitution and was ordered to pay $2,000.00 per month as of 31 January 2008. Defendant paid $25,460.00 at the time the original judgment was entered in January 2005, but she failed to make additional payments until January 2009, at which time she paid $200.00. "In a probation revocation proceeding based upon defendant's failure to pay a fine or restitution which was a condition of his probation the burden is upon the defendant to `offer evidence of his inability to pay money according to the terms of the [probationary] judgment.'" State v. Jones, 78 N.C. App. 507, 509, 337 S.E.2d 195, 197 (1985) (citations omitted). In this case, we find that Defendant failed to offer evidence regarding her inability to pay. At the time of the hearing, Defendant had been on probation for nearly four years, had made only one payment of $200.00, and had failed to demonstrate that she made efforts to obtain employment, despite being fully aware of her obligations.
The evidence was also sufficient to demonstrate that Defendant missed two office visits with her probation officer. Officer Chappell testified that Defendant missed two office visits. Defendant admitted that she missed one appointment, but claimed that she missed the second appointment due to a misunderstanding regarding the date of the appointment. Nonetheless, Officer Chappell maintained that Defendant missed two visits, and it was the trial court's job to evaluate the credibility of the witnesses. See Hewett, 270 N.C. at 356, 154 S.E.2d at 482. This evidence is sufficient to support the trial court's finding that Defendant violated her probation. We therefore find no abuse of discretion in the trial court's revocation of Defendant's probation.
No error.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).