William **ZELLER**, Appellant,

v.

**The STATE of Texas,** Appellee.

No. C14–86–00522–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 19, 1987.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

Appellant, William Zeller, appeals a conviction for indecency with a child. The jury found the enhancement allegations true and assessed punishment at thirty-five years imprisonment and a $10,000 fine.

In his sole point of error appellant contends the trial court erred in denying his motion for mistrial after the prosecutor in closing argument improperly commented on appellant's failure to testify at trial. We affirm.

In reiterating the elements of the offense to the jury, the prosecutor said the following:

> ... And to show this intent, of course, since the Defendant has the right to choose not to testify, you're not going to have words out of his mouth showing intent, if he chooses not to testify and that's his right—that's his constitutional right. So, you can infer that from the circumstances. You can infer that from the circumstances.

The court sustained appellant's objection and instructed the jury to disregard the comment "for any purpose whatsoever." Appellant's motion for mistrial was denied.

Article 38.08 prohibits comment on an accused's right to remain silent and his failure to testify.[1] Both federal and state constitutions have established this right. *See* U.S. Const.Amend. V; Tex.Const. art. I, sec. 10.

In order for the prosecutor's argument to violate this right, we must view the statement from the standpoint of the jury and conclude the following: that the language used by the prosecutor was either manifestly intended to be a comment on appellant's failure to testify or is such that a jury would naturally and necessarily take

James W. Locke, Bryan, for appellant.

Bill R. Turner, Todd Jermstad, Bryan, for appellee.

1. Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause. Tex.Code Crim.Proc.Ann. art. 38.08 (Vernon 1979).

it as such a comment. In applying this test the facts and circumstances of each case must be analyzed to determine whether the language was of such character. *Bird v. State*, 527 S.W.2d 891, 894 (Tex.Crim.App. 1975).

We find the complained-of argument was a comment on appellant's failure to testify, and thus was error. *Hardy v. State*, 496 S.W.2d 635, 638 (Tex.Crim.App.1973). However, we hold this error does not necessitate reversal.

The Court of Criminal Appeals has held it to be harmless error when a prosecutor paraphrases that portion of the charge pertaining to appellant's right not to testify.[2] *Bouchillon v. State*, 540 S.W.2d 319, 322 (Tex.Crim.App.1976); *Short v. State*, 511 S.W.2d 288, 291 (Tex.Crim.App.1974); *Brown v. State*, 505 S.W.2d 850, 857 (Tex. Crim.App.1974); *Hardy v. State*, 496 S.W.2d at 638; *Ramos v. State*, 419 S.W.2d 359, 367 (Tex.Crim.App.1967).

 In this case the prosecutor's statement was not in derogation of appellant's right not to testify. It was in full recognition of that right, and did little more than paraphrase the charge of the court. *See Hardy*, 496 S.W.2d at 638. Furthermore, appellant's objection was sustained and the jury was instructed to disregard the comment. We do not believe that the comment was such that the jury would not or could not follow the instruction of the trial judge. *Jones v. State*, 693 S.W.2d 406, 409 (Tex. Crim.App.1985).

The Court of Criminal Appeals stated in *Ramos, supra:* "... even if the argument did constitute a comment on appellant's failure to testify in violation of his federal constitutional rights, we conclude the same is harmless error, finding beyond a reasonable possibility that it might have contributed to appellant's conviction...."

We find this reasoning to be applicable to this case as well. While it is error to comment in such a manner on appellant's

failure to testify, in light of the strength of the evidence against appellant, we conclude beyond a reasonable doubt the prosecutor's argument did not contribute to appellant's conviction. We hold that while the prosecutor's remarks constituted a comment on appellant's right not to testify, it was harmless error, effectively cured by the court's instruction to the jury.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.

---

2. The court's charge in this case included the following:

A defendant in a criminal case is not bound by law to testify in his own behalf therein, but the decision of any defendant to not testify shall not be taken as a circumstance against him nor shall the same be alluded to nor commented upon by the jury, ...