Tracey RANEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–88–226–CR.

Court of Appeals of Texas,
Corpus Christi.

April 13, 1989.

Mark H. Woerner, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant guilty of theft and then assessed punishment at confinement for 16 years and a fine of $10,000. We affirm.

In his first point of error, appellant challenges the sufficiency of the evidence. Appellant rented a van from Keith's Rentals in Corpus Christi on January 2, 1988. No one returned the van by the due date. It was discovered in Houston around February 10, 1988. Appellant contends that the State failed to prove that his intent was to deprive the owner of the van.

The State points to several circumstances from which the jury could have inferred appellant's intent. These include misleading statements made by appellant to the owner when he rented the van, appellant's failure to contact the owner after the due date, and the van's condition when discovered. We now review the witnesses' testimony to decide if a rational trier of fact could find that appellant intended to deprive the owner of the van.

Keith Leckey testified that on January 2, 1988, he rented the van to appellant for one day, for local use. Appellant paid for the day in advance. He told Leckey that he

was moving to his mother's house. Appellant placed his mother's address on the rental contract. The van was not returned the following day. On January 6, 1988, Leckey telephoned appellant's mother and she told him that appellant had no intention of moving home that she knew of. On that same date, Leckey sent a letter to appellant demanding the vehicle's return and threatened to file a theft complaint.

Leckey further testified that the van's identification number was displayed on the front hood and rear door of the van. On the sides of the van was the advertisement "Keith's Van Rentals, car or passenger." When Leckey recovered the van, one side had been painted white, while the other had been painted black. The identification numbers had been removed and the spaces painted white. Leckey never received any communication that the van would be kept past the due date. The two other persons who worked in the office at Keith's each testified that they had no contact with appellant. The rental agreement showed that the van was for local use. DPS Officer Roberto Garza testified that when he arrested appellant in mid-January 1988, appellant had an address in Houston.

Appellant testified that he rented the van to move from one friend's house to a house in Houston. He told Leckey that he was going out of town. He left Corpus Christi on the evening that he rented the van and arrived in Houston the next afternoon. He was planning to return the van himself but his friend, George Ruth, said he was going back to Corpus Christi and would return the van, so he surrendered the van to Ruth. Appellant first heard that the van was reported stolen when he was arrested on January 13. Appellant denied that he told Leckey that he was moving back to his mother's house.

On cross-examination, appellant testified that he had been staying in Corpus Christi with George Ruth before moving to Houston. In Houston, Texas, he stayed with George Ruth for a week or two. Appellant just recently learned Ruth's name, previously knowing him as Charles Kilgore. Appellant admitted that he was previously convicted of credit card abuse and burglary.

On rebuttal, Officer Garza testified that appellant told him that he went and got the van because Ruth "put him up to it."

An appellate court views the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Crim.App.1985). A jury may accept or reject any or all of the testimony. *Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim.App.1984). We find the evidence sufficient to sustain the conviction. The evidence shows that appellant misrepresented certain facts to Leckey when he acquired the van, that he did not contact anyone at Keith's Rentals to report that the van would be kept past the due date, and that the van's appearance was altered in a manner which would impede its detection. In addition, there is evidence that appellant admitted that Ruth "put him up to it." From this statement, the jury could have found that appellant went to Keith's with the express purpose of stealing a vehicle. The alteration of the van's appearance shows that the van was not going to be returned. Appellant's first point of error is overruled.

In his second point of error, appellant contends that he should have been prosecuted for "theft of service," Tex.Penal Code Ann. § 31.04(a)(3) (Vernon 1989), instead of for the more general "theft" offense, Tex.Penal Code Ann. § 31.03 (Vernon 1989). This point is premised on the legal principle that if two statutes are in *pari materia*, effort is made to give effect to both statutes, with the more specific statute governing the general in the event of any conflict. *Cheney v. State*, 755 S.W.2d 123 (Tex.Crim.App.1988).

In *Cheney*, the Court reviewed and clarified the analysis used to determine whether one of two statutes more specifically proscribes a particular conduct and punishment. Although appellant could conceivably have been prosecuted under either statute, we conclude that the statutes are not

necessarily in *pari materia*. Section 31.-04(a)(3) proscribes the theft of services, not property. Property is involved in section 31.04(a)(3) only to the extent that withholding it, with the intent to avoid payment for services, deprives the owner of further rentals on the property. Section 31.03, to the extent relevant here, addresses the acquisition of property where the actor's intent is to deprive the owner of his property, not rentals.

The distinction between sections 31.-04(a)(3) and 31.03 with regard to property is that the first punishes conduct that temporarily withholds the property from the owner so that the owner is deprived of rentals, while the second punishes conduct that deprives the owner of the property. If, when a person "permanently" deprives a rental-owner of his property, he necessarily also deprives the rental-owner of further rentals, the more specific statute with respect to the property is section 31.03. The "general theft statute" may be the more specific statute in certain situations. *Garza v. State*, 687 S.W.2d 325 (Tex.Crim. App.1985). The facts of this case sufficiently show that appellant intended to "permanently" deprive the owner of the property. Consequently, the proper statute for prosecution was section 31.03. Appellant's second point of error is overruled.

In his third point of error, appellant contends that the State only proved theft of service. For the reasons stated in point one, this point of error is overruled.

In his fourth point of error, appellant contends that the trial court erred in failing to grant a new trial because of newly discovered evidence. A new trial should be granted where (1) the evidence was unknown to the movant before trial, (2) the failure to discover it was not due to appellant's want of diligence, (3) its materiality was such that it would probably bring about a different result on another trial, and (4) it was competent, not merely corroborative, collateral, or impeaching. *Carlisle v. State*, 549 S.W.2d 698 (Tex.Crim. App.1977).

The "newly discovered evidence" in this case is a letter written after appellant's trial by George Ruth. In the letter, Ruth states that he, not appellant, committed the crime. We conclude that the trial court did not abuse its discretion in overruling appellant's motion for new trial. The letter is nothing more than hearsay evidence, and although George Ruth was called to testify at the new trial hearing, he invoked his rights to remain silent and refused to testify. We cannot conclude that this hearsay evidence written by a person apparently involved in the offense would probably bring about a different result on another trial. Appellant's fourth point of error is overruled.

The judgment of the trial court is AFFIRMED.