Pater **NIELSEN**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 6–91–023–CR.**

Court of Appeals of Texas,
Texarkana.

July 7, 1992.

Discretionary Review Refused
Nov. 25, 1992.

---

OPINION

CORNELIUS, Chief Justice.

Pater Nielsen was convicted of auto theft. In five points of error, he asserts that the evidence is insufficient to support his conviction, that the State commented on his failure to testify, and that the trial court improperly commented on the evidence during closing argument. He also contends that the trial court erred in denying him access to certain crime information center records pertaining to a third party and in prematurely receiving evidence during the punishment phase of the trial. We overrule all these contentions and affirm the judgment.

Pater Nielsen, Jr. rented a car from Central Auto Rental Systems for one month beginning August 25, 1989. On September 7, the car was stolen from Nielsen. Nielsen recovered the vehicle on September 10. On September 12, Central Auto sent Nielsen a certified letter requesting the return of the vehicle. The letter was prompted by the discovery that Nielsen did not have insurance in effect. Central Auto sent another certified letter about January 18, 1990, but it was returned as undeliverable.

Nielsen was arrested on October 23, 1989, on an unrelated charge. When arrested, he gave his car keys and money to an acquaintance, who disappeared with both. Nielsen contends that this theft prevented him from returning the car. Nielsen also attempted to establish that he had implicit permission to keep the car. That he *initially* had permission to take the car is undisputed. Nielsen attempted to show that, subsequent to the initial rental and release of the car, Central Auto made no real effort to regain custody of the car and even gave him a spare set of keys so he could retrieve the car from the police tow lot after the September 7 theft.

The jury returned a guilty verdict, and the court assessed punishment at twelve years' confinement.

Nielsen first asserts that the evidence is insufficient to support his conviction. In resolving this question, we review the evidence in the light most favorable to

Tom Zakes, Houston, for appellant.

Calvin A. Hartmann, Harris County Asst. Dist. Atty., Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

the verdict to determine whether any rational trier of fact could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991); *Loveless v. State*, 800 S.W.2d 940, 944 (Tex.App.–Texarkana 1990, pet. ref'd).

▮▮▮ Nielsen contends that there is no evidence that he had any control over the vehicle on January 23, 1990, the date alleged in the indictment. However, a conviction is sustainable upon proof that the offense was committed before the return of the indictment and within the statute of limitations. *Ex parte Alexander*, 685 S.W.2d 57, 59 n. 1 (Tex.Crim.App.1985); *McManners v. State*, 592 S.W.2d 622, 623 (Tex.Crim.App. [Panel Op.] 1980); *Weisinger v. State*, 775 S.W.2d 424, 429 (Tex.App.–Houston [14th Dist.] 1989, pet. ref'd). The evidence shows that Nielsen gained possession of the car in September 1989 and that the car has yet to be returned to the rental agency. This is evidence that the offense occurred before the return of the indictment and within the limitations period. Tex.Code Crim.Proc.Ann. art. 12.01(4)(A) (Vernon Supp.1992).

▮▮▮ Nielsen also asserts that there was no evidence to support a finding that, at the time he rented the car, he did not intend to return it. There is, however, evidence that Nielsen rented the car under false pretenses, that is, without a valid policy of insurance in effect, that he kept the car in his control for a month longer than the initial rental period, and that he never attempted to contact the rental company or pay the rental charges. There is also evidence that Nielsen could not be contacted at the address or phone numbers he gave to the rental agency.

▮▮▮ Nielsen also contends that Central Auto's conduct shows that he had its effective consent to keep the vehicle beyond the initial one-month rental period. He argues that the first registered letter from Central

Auto allowed him to retain the car if he brought in proof of current insurance. The letter belies that argument, however, as it unequivocally requires Nielsen to return the car. Furthermore, the president of Central Auto testified that attempts were made to get the car back, but Nielsen could not be reached using the information listed on the rental application. Nielsen also alleges that Central Auto gave him another set of keys after the September theft. The only evidence remotely supporting this contention is the cross-examination testimony of James Cleyburn, Central Auto's owner, which established that spare keys were sometimes left out for customers. Cleyburn testified that Nielsen was not given extra keys. In any case, Central Auto did not demand the car's return until after the spare keys were allegedly given to Nielsen.

▮▮▮ Nielsen further alleges that when he was arrested for an unrelated offense in October 1990, he gave the keys to someone who stole the car, and he was thus unable to return the car. However, this arrest occurred a month after the car was due. Nielsen did not attempt to contact or make payment to the rental agency before or after this time. Nor did he report the car stolen.

We find sufficient evidence for a rational trier of fact to find that Nielsen intended to steal the vehicle from Central Auto.[1] Tex.Penal Code Ann. § 31.02 (Vernon 1989), and § 31.03 (Vernon 1989 & Supp. 1992); *see Thomas v. State*, 753 S.W.2d 688 (Tex.Crim.App.1988); *Rowland v. State*, 744 S.W.2d 610, 613 (Tex.Crim.App.1988); *Raney v. State*, 769 S.W.2d 698, 699 (Tex. App.–Corpus Christi 1989, no pet.).

Nielsen next asserts that the State impermissibly commented on his failure to testify. During closing argument, the assistant district attorney said,

Look to the record. Look to the evidence. Think about yourself. Listen to the defense counsel's argument. What piece of hard evidence is there anywhere

---

1. The State's theory was that Nielsen was guilty of both theft by false pretext and theft by bailee, former offenses now subsumed in the general theft statute. Tex. Penal Code Ann. § 31.02 (Vernon 1989), and § 31.03 (Vernon 1989 & Supp. 1992).

in this record, anywhere, that this man, this man ever tried to return the car? Where is it? I'm not talking about implication on the evidence. I'm not talking about inferences. I'm not talking about going from A to B as defense told you about in voir dire. No, I'm talking about the real stuff.

Defense counsel objected on the ground that this was an attempt to shift the burden of proof. The trial court overruled this objection. Recognizing that the complaint on appeal does not comport with the objection at trial, Nielsen argues that the comment was so egregious that an objection was unnecessary.

■ The failure of an accused to testify may not be a subject of comment by the prosecution. *Lopez v. State*, 793 S.W.2d 738, 741 (Tex.App.—Austin 1990), *pet. dism'd, improvidently granted*, 810 S.W.2d 401 (Tex.Crim.App.1991); U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979). To violate the right against self-incrimination and Article 38.08, the offensive language, when viewed from the jury's standpoint, must be manifestly intended, or be of such a character that the jury would necessarily and naturally take it as, a comment on the accused's failure to testify. *Allen v. State*, 693 S.W.2d 380, 381 (Tex. Crim.App.1984). It is not sufficient that the language might be construed as an implied or indirect allusion to the failure to testify. In applying the standard, the facts and circumstances of each case must be analyzed to determine whether the language used was of such a character. If the remark called the jury's attention to the absence of evidence that only testimony from the accused could supply, the conviction is subject to being reversed. *Madden v. State*, 799 S.W.2d 683, 699 (Tex.Crim. App.1990).

■ The argument here is clearly not a direct allusion to Nielsen's failure to testify. The State contends that the prosecutor was referring to evidence Nielsen actually produced to raise the inference that he did not intend to keep the car. Nielsen's roommate testified to actions by Nielsen and agents of the rental agency concerning the car. He could have testified to Nielsen's attempts to return the vehicle, but the defense was not allowed to elicit such testimony. Nielsen could have attempted to return the car before his October 1989 arrest. Other persons could have testified to such attempts. The record also shows that Nielsen was accompanied by another person when he retrieved the car, with keys allegedly obtained from Central Auto, from the police tow lot in September. That person could have testified that Nielsen so obtained the keys, but he was never called as a witness. Thus, although the remark does call the jury's attention to the absence of evidence that Nielsen tried to return the car, persons other than Nielsen could have supplied the absent evidence. There was no error in the prosecutor's argument.

■ Even if the argument is considered as an impermissible comment on Nielsen's failure to testify, there was no objection. In that case, reversal is not appropriate unless there was such prejudice that an instruction could not have cured the error. *Nichols v. State*, 754 S.W.2d 185 (Tex.Crim. App.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 819, 102 L.Ed.2d 808 (1989); *Losada v. State*, 721 S.W.2d 305, 314 (Tex.Crim. App.1986). The comment was indirect and was not heavily emphasized by the State. As such, it was not likely to direct a juror's attention to Nielsen's failure to testify. Any error in the prosecutor's argument could have been cured by an instruction. *See Losada v. State*, 721 S.W.2d at 314. By failing to properly object, Nielsen waived error in this regard. *See Zeller v. State*, 728 S.W.2d 107 (Tex.App.—Houston [14th Dist.] 1987, no pet.).

■ Nielsen next contends that the trial court impermissibly commented on the evidence by sustaining an objection to defense counsel's closing argument. For a trial court's comment on the evidence to be reversible, it must be reasonably calculated to benefit the State or to prejudice the rights of the defendant. *Becknell v. State*, 720 S.W.2d 526, 531 (Tex.Crim.App. [Panel Op.] 1986); *Bachus v. State*, 803 S.W.2d 402, 404 (Tex.App.—Dallas 1991, pet. ref'd).

■ The argument concerned Nielsen's financial resources. The State's objection that the argument was outside the record was sustained, and the jury was instructed to recall the testimony for themselves. Defense counsel then recounted the evidence from which he claimed he was drawing a reasonable inference.

We note that Nielsen failed to object that this was a comment on the weight of the evidence. Having failed to object, he presents nothing for review. *Becknell v. State*, 720 S.W.2d at 532; *Sharp v. State*, 707 S.W.2d 611, 619 (Tex.Crim.App.1986); *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex. Crim.App.1983); *Smith v. State*, 595 S.W.2d 120, 124 (Tex.Crim.App. [Panel Op.] 1980).

Even if error was preserved, the trial court's ruling was correct. Although there is some testimony concerning Nielsen's earnings from selling Greensheet advertising, there is no evidence showing how much he earned. Furthermore, even if the amount of his resources could be inferred from the record, this argument appears to have been completely developed during closing. Counsel clearly stated, before the jury, his point that Nielsen did not have the resources to pay for the rental of the car. Finally, the trial court's action was not a comment on the weight of the evidence. The court simply instructed the jury to recall the evidence.

■ Nielsen next contends that the trial court erred in denying him pretrial access to the Texas Crime Information Center and the National Crime Information Center records of the person who allegedly stole the car from him in October. Nielsen was attempting to locate this person in order to show a lack of intent to deprive Central Auto of the car. The third party's address was ordered produced, if in the State's possession, which it was not. The crime information center "rap" sheets were not ordered produced, as the State had no intention of calling this third party as a witness.

■ There is no general right to discovery under the United States Constitution. *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). The discovery rulings are in the discretion of the court. *Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980); TEX.CODE CRIM.PROC. ANN. art. 39.14 (Vernon 1979). A trial court abuses its discretion if it does not permit discovery of evidence that is material to the defense of the accused. *Quinones v. State*, 592 S.W.2d at 941; *Nowling v. State*, 801 S.W.2d 182, 185 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd). "Materiality" requires more than the mere possibility that the information might help the defense or affect the outcome of the trial. In determining materiality, the omitted evidence must be evaluated in the context of the entire record, and error is committed only if the omitted evidence creates a reasonable doubt that did not otherwise exist. *Stone v. State*, 583 S.W.2d 410, 415 (Tex.Crim.App. [Panel Op.] 1979), *quoting United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

Not only was there ample evidence of Nielsen's intent to keep the car, he did not establish that this third party ever existed or that he had a criminal record. Nielsen was provided a copy of the offense report which contained the names of others present when Nielsen allegedly gave the keys to the third party. He made no showing that these other witnesses could not testify to these acts. Finally, Nielsen's counsel stated that, even if the third party was found, he might not be available as a witness.

■ Nielsen also asserts that the information was discoverable under *Brady v. Maryland*, 373 U.S. 83, 86, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963). Here again, only material information is discoverable. *Crane v. State*, 786 S.W.2d 338, 349 (Tex.Crim.App.1990). Nielsen has not shown that this information existed or that its disclosure would have led to evidence favorable to his defense. *See, e.g., Witchurch v. State*, 650 S.W.2d 422, 426 (Tex. Crim.App.1983); *Brem v. State*, 571 S.W.2d 314, 322 (Tex.Crim.App. [Panel Op.] 1978).

Nielsen relies on *Curry v. Estelle,* 531 F.2d 1260 (5th Cir.1976), which we find distinguishable. That case involved the State's refusal to release the identities of two known narcotics users. These identities were sought for the purpose of challenging probable cause underlying the search warrant. In that case, the information sought was known to the prosecution, while the information sought by Nielsen was not shown to have been so possessed. Furthermore, the materiality of the information sought in *Curry* was established, as the defendant's association with the two known narcotics· users was one basis on which the search warrant was issued. Nielsen failed to establish how the information he sought could lead to favorable evidence.

Considering the evidence against Nielsen and his failure to show that any favorable evidence could be developed from the requested information, we conclude that the trial court did not abuse its discretion in refusing this request. *See Crane v. State,* 786 S.W.2d at 349.

 Nielsen's final contention is that the trial court erred in beginning evidence on the punishment phase of the trial before taking a plea from Nielsen on the enhancement count. TEX.CODE CRIM.PROC. ANN. art. 36.01 (Vernon Supp.1992) mandates that the indictment be read before testimony on the part of the State is offered. However, if the enhancement allegations are read after the error is discovered, the State can reintroduce its evidence. *Castillo v. State,* 530 S.W.2d 952, 953 (Tex. Crim.App.1976); *Trammell v. State,* 445 S.W.2d 190, 193–94 (Tex.Crim.App.1969); *Lawrence v. State,* 783 S.W.2d 789, 790–91 (Tex.App.—El Paso 1990, no pet.). Initially, we note that any error was waived by Nielsen's failure to object. *Castillo v. State,* 530 S.W.2d at 954.

In the case *sub judice,* the State attempted to offer all the evidence that was adduced at the guilt-innocence phase of the trial before the enhancement paragraph was read. The court required the State to read the remainder of the indictment and received Nielsen's plea. Only then was the

State's evidence admitted. We find no error in the trial court's action.

The judgment is affirmed.

BLEIL, Justice, concurring.

I wholly agree with the majority's decision and opinion in this case. I write separately because, under the circumstances of this case, Nielsen's contention that the evidence is insufficient to support the verdict might fairly be said to question whether the evidence is both legally and factually sufficient.

The majority correctly states the standard for reviewing the legal sufficiency of the evidence. We look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Rivera v. State,* 808 S.W.2d 80, 91 (Tex.Crim.App. 1991). I agree that the evidence is legally sufficient to support the verdict.

I would also review for the factual sufficiency of the evidence to support the verdict, although the authority of courts of appeals to determine whether the evidence pertaining to an element of a criminal offense is insufficient because it is against the great weight of the evidence is currently unsettled. The court of criminal appeals has specifically reserved decision on the question. *Meraz v. State,* 785 S.W.2d 146, 156 (Tex.Crim.App.1990). I believe that under TEX. CONST. art. V, § 6 the courts of appeals are conclusive on all fact questions and have the constitutional authority and obligation to decide whether the evidence is factually sufficient. *See* Susan Bleil & Charles Bleil, *The Court of Criminal Appeals Versus the Constitution: The Conclusivity Question,* 23 ST. MARY'S L.J. 423 (1991). Recently, a court of appeals has expressed its opinion that courts of appeals have the power and duty to review the factual sufficiency of the evidence relative to the proof of the elements of an offense. *See Stone v. State,* 823 S.W.2d 375 (Tex. App.–Austin 1992, pet. ref'd, untimely filed). Believing the *Stone* decision to ex-

press a proper statement of Texas constitutional law, I have reviewed all of the evidence to determine the factual sufficiency of the evidence to support the verdict. I conclude that the evidence is factually sufficient to support the verdict.

Therefore, because the evidence is both factually and legally sufficient to support the verdict, I concur in the court's decision.