

# IN THE
## TENTH COURT OF APPEALS

No. 10-07-00169-CR

CHARLIE WRAY NEWSOM,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 413th District Court
Johnson County, Texas
Trial Court No. F39751

## MEMORANDUM OPINION

Asserting four issues, Charlie Newsom appeals his conviction of possession of a controlled substance (cocaine, greater than four but less than 200 grams) and a sentence of eight years' imprisonment and $10,000 fine.  We will affirm.

Around 2:00 a.m. on November 12, 2005, Burleson Police Officer Todd Shaw pulled over Newsom upon observing several alleged traffic offenses and suspecting Newsom of driving while intoxicated.  Officer Shaw arrested Newsom for DWI and, in a search incident to arrest, found around seven grams of cocaine in Newsom's pocket.

## Motion to Suppress

We begin with Newsom's third issue, which complains that the trial court abused its discretion in denying his motion to suppress. Newsom contends that no probable cause to stop him existed because he did not commit the alleged traffic violations and that therefore the fruits of the unlawful stop and subsequent search should be suppressed.

> To suppress evidence on an alleged violation of Fourth Amendment rights, the defendant bears the initial burden of producing evidence that rebuts the presumption of proper police conduct. *Ford v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A defendant satisfies this burden by establishing that a search or seizure occurs without a warrant. *Id.* Once the defendant makes this showing, the burden shifts to the State, which must then establish that the search or seizure was conducted with a warrant or was reasonable. *Id.*

*Haas v. State,* 172 S.W.3d 42, 49 (Tex. App.—Waco 2005, pet. ref'd).

> A trial court's denial of a motion to suppress is reviewed for abuse of discretion. *Oles v. State,* 993 S.W.2d 103, 106 (Tex. Crim. App. 1999). . . .

> The trial court's findings of fact are given "almost total deference," and in the absence of explicit findings, the appellate court assumes the trial court made whatever appropriate implicit findings that are supported by the record. *Carmouche v. State,* 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); *Guzman v. State,* 955 S.W.2d 85, 89-90 (Tex. Crim. App. 1997). However, the application of the relevant law to the facts, including Fourth Amendment search and seizure law, is reviewed *de novo. Carmouche,* 10 S.W.3d at 327. Also, when the facts are undisputed and we are presented with a pure question of law, *de novo* review is proper. *Oles,* 993 S.W.2d at 106. Thus, for example, when the issue to be determined on appeal is whether an officer had probable cause, "the trial judge is not in an appreciably better position than the reviewing court to make that determination." *Guzman,* 955 S.W.2d at 87. Therefore, although due weight should be given to the inferences drawn by trial judges and law enforcement officers, determinations of matters such as reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *Id.* (citing *Ornelas v. United States,* 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134

L.Ed.2d 911 (1996)).

*Davis v. State,* 74 S.W.3d 90, 94-95 (Tex. App.—Waco 2002, no pet.).

> A law enforcement officer may lawfully stop a motorist who commits a traffic violation. *Garcia v. State,* 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In general, the decision to stop an automobile is reasonable when an officer has probable cause to believe that a traffic violation has occurred. *Walter v. State,* 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); *Wolf v. State,* 137 S.W.3d 797, 801 (Tex. App.—Waco 2004, no pet.); *see also Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996).

*Haas,* 175 S.W.3d at 49-50.

Officer Shaw testified that he observed Newsom's vehicle, a 1930 two-door Ford coupe, stopped past the solid white "stop" line at an intersection in Burleson with a red light; he said the entire vehicle was beyond the line. Shaw activated his dashboard camera, and the videotape shows Newsom's vehicle entirely beyond the stop line. At that time, Shaw believed he had probable cause to stop Newsom for a traffic violation.

Shaw followed Newsom and said that as Newsom entered onto Interstate 35, he did not use his turn signal, and that when on the highway, he observed Newsom's vehicle weave inside its lane of traffic and touch or go over the solid white line (the "fogline") bordering the improved shoulder.

The Transportation Code provides:

(d) *An operator of a vehicle facing only a steady red signal shall stop at a clearly marked stop line.* In the absence of a stop line, the operator shall stop before entering the crosswalk on the near side of the intersection. A vehicle that is not turning shall remain standing until an indication to proceed is shown. After stopping, standing until the intersection may be entered safely, and yielding right-of-way to pedestrians lawfully in an adjacent crosswalk and other traffic lawfully using the intersection, the operator may:

(1) turn right; or
(2) turn left, if the intersecting streets are both one-way streets and a left turn is permissible.

TEX. TRANSP. CODE ANN. § 544.007(d) (Vernon Supp. 2008) (emphasis added).[1]

Newsom argues that Shaw lacked probable cause to believe that Newsom had violated subsection 544.007(d) because Shaw did not see Newsom's vehicle cross the stop line and he did not testify that the light was red when Newsom's vehicle crossed the stop line and then stopped. The State responds that this subsection does not require the officer to have observed the operator of the vehicle crossing the stop line and that the statute does not allow an operator to edge forward past the stop line, after stopping before it, while the signal is still red. The State also points out that Newsom presented no evidence at the suppression hearing that he had stopped before the stop line and then edged forward and that it was not required to rebut Newsom's counsel's speculative argument that Newsom might have done so.

We agree with the State that it made a prima facie showing that Newsom violated subsection 544.007(d) and that Shaw thus had probable cause to stop and detain Newsom on that violation alone. Accordingly, the trial court did not abuse its discretion in denying Newsom's motion to suppress. We overrule Newsom's third issue.

**Jury Argument**

In his first two issues, Newsom complains that the trial court abused its discretion in failing to grant a mistrial that Newsom's counsel twice requested during

---

[1] The version of this statute in effect on the date in question is the same. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 1, 1997 Tex. Gen. Laws 1025, 1619.

the State's closing argument in the guilt-innocence phase. Jury argument is limited to: (1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) a plea for law enforcement. *Guidry v. State,* 9 S.W.3d 133, 154 (Tex. Crim. App. 1999).

Newsom's first issue complains of the following jury argument:

[PROSECUTOR]: . . . This is our road map. This is how we get here. He's guilty of this offense here. And there's really no explanation as to why he's carrying 7.73 grams of cocaine. The officer says he's got it in his pocket. There's been no explanation as to why he's got it.

[DEFENSE COUNSEL]: Objection. Going to object to Counsel making a[n] improper inference in front of the jury with respect to these comments.

THE COURT: Okay. Please rephrase your argument.

[DEFENSE COUNSEL]: We would ask the Court to instruct the Jury to disregard those comments.

THE COURT: Please disregard any comments.

[DEFENSE COUNSEL]: And we further feel compelled to move for a mistrial, Your Honor.

THE COURT: Denied.

Newsom complains that the prosecutor's statements about there being no explanation why Newsom possessed the cocaine was an impermissible comment on Newsom's failure to testify and violated Newsom's Fifth Amendment right to not incriminate himself. The State responds first by contending that Newsom failed to preserve his complaint for appellate review, claiming that his objection lacked sufficient specificity to apprise the trial court of the nature of the objection. We disagree. Without

highlighting the very inference that Newsom was complaining about, Newsom was able to make the trial court aware of his complaint because the specific ground was apparent from the context. *See* Tex. R. App. P. 33(a)(1)(A). Also, the trial court's response clearly indicated that it understood the nature of Newsom's objection.

The State contends that the prosecutor's comment about there being "no explanation" was not an impermissible comment on the defendant's failure to testify. "A comment on an accused's failure to testify violates the accused's state and federal constitutional privileges against self-incrimination." *Smith v. State,* 65 S.W.3d 332, 339 (Tex. App.—Waco 2001, no pet.).

> It is well settled that a prosecutor's comment amounts to a comment on a defendant's failure to testify only if the prosecutor manifestly intends the comment to be, or the comment is of such character that a typical jury would naturally and necessarily take it to be, a comment on the defendant's failure to testify. *United States v. Jefferson,* 258 F.3d 405, 414 (5th Cir. 2001); *Bustamante v. State,* 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). It is not sufficient that the comment might be construed as an implied or indirect allusion to the defendant's failure to testify. *Bustamante,* 48 S.W.3d at 765.

*Wead v. State,* 129 S.W.3d 126, 130 (Tex. Crim. App. 2004).

The State contends that the "no explanation" comment was permissible because an explanation by Newsom of why he had the cocaine was in the record. In the videotaped stop, Officer Shaw found the cocaine on Newsom in the search incident to his arrest for DWI, and the officer asked Newsome why he had cocaine in his pocket. Newsom responded that a friend had given it to him. We agree that the "no explanation" reference was a proper comment on or a reasonable deduction from Newsom's recorded statement and was not an impermissible comment on Newsom's

failure to testify. *See Garcia v. State,* 126 S.W.3d 921, 924 (Tex. Crim. App. 2004); *Ortiz v. State,* 144 S.W.3d 225, 235 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

The State is also correct that the "no explanation" comment was a proper comment on Newsom's failure to present evidence, other than his own testimony, in his favor. "It is well settled that the prosecutor, in argument, may comment on the defendant's failure to call certain witnesses." *Bible v. State,* 162 S.W.3d 234, 249 (Tex. Crim. App. 2005) (quoting *O'Bryan v. State,* 591 S.W.2d 464, 479 (Tex. Crim. App. 1979)). "[P]rosecutorial comment on the absence of evidence is proper so long as 'the language can reasonably be construed to refer to [the] appellant's failure to produce evidence other than his own testimony.'" *Id.* (quoting *Patrick v. State,* 906 S.W.2d 481, 491 (Tex. Crim. App. 1995)). We must analyze the facts and circumstances of each case to determine whether the language used was of such a character. *Montoya v. State,* 744 S.W.2d 15, 35 (Tex. Crim. App. 1984). Here, Newsom could have called as a witness his friend who allegedly gave the cocaine to Newsom to provide a possibly exculpatory explanation. Therefore, the prosecutor's comments were not improper. *See Holliman v. State,* 879 S.W.2d 85, 89 (Tex. App.—Houston [14th Dist.] 1994, no pet.); *Nielson v. State,* 836 S.W.2d 245, 248-49 (Tex. App.—Texarkana 1992, pet. ref'd).

Because the "no explanation" comments were not impermissible comments on Newsom's failure to testify, the trial court did not err in denying Newsom's request for a mistrial.

Newsom also complains in his first issue of the following rebuttal argument made in the context of the prosecutor's summary of the initial traffic violation seen by

the police officer:

> [PROSECUTOR]:  . . .  And you know, there's this - - throwing out there this possibility.  Maybe his - - what if his car died and did you see that?  Did you hear that?  Is there evidence of that?  No.

> [DEFENSE COUNSEL]:  Your Honor, I'm going to object for counsel inserting improper matters before the Jury.[2]

> THE COURT:  Overruled.

> Newsom's counsel had argued the following:

> [DEFENSE COUNSEL]:  If he stopped behind the line, that was a legal stop.  Now, to go beyond the line if the light was green and he had car trouble or for some reason had to come to a stop, that doesn't make it illegal.
> . . .
> If he stopped behind it, and if it was - - and then had car trouble or it was green when he went forward, that's not an offense.

We review a trial court's ruling on objections to argument for abuse of discretion.

*See Goff v. State,* 931 S.W.2d 537, 548 (Tex. Crim. App. 1996) (plurality op.).  We hold that

the trial court did not abuse its discretion in overruling Newsom's objection because the

prosecutor's argument was in response to the defense's car-trouble argument that was

not based on any evidence in the record.

We overrule Newsom's first issue.

Newsom's second issue complains about the following comment:

> [PROSECUTOR]:  . . .  What do you do?  If you are so unbelievably guilty, what do you do?  Poke holes in everything else.  You've got to watch for the slight [*sic*] of hand, because that's been happening over and over and over again.

---

[2] For the same reason as above, Newsom made the trial court aware of his complaint because the specific ground was apparent from the context.  Thus, his complaint is preserved for appellate review.

[DEFENSE COUNSEL]: Your Honor, I'm sorry to interrupt, but I must object to counsel striking at Defendant over the shoulders of his counsel in the conduct of the trial, and therefore we object to that line of argument.

THE COURT: Sustained.

[DEFENSE COUNSEL]: We ask the Court to ask Jury to disregard it.

THE COURT: Disregard the comment slight [*sic*] of hand.

[DEFENSE COUNSEL]: And for - - because of the harm, Your Honor, we would respectfully move the Court to grant a mistrial.

THE COURT: Denied.

Newsom's second issue contends that the State's argument struck at him over the shoulders of his counsel. *See Mosley v. State,* 983 S.W.2d 249, 258-60 (Tex. Crim. App. 1998); *Bray v. State,* 478 S.W.2d 89, 89-90 (Tex. Crim. App. 1972). Improperly striking over the defense attorney's shoulders occurs when the prosecutor's argument refers to defense counsel personally and when the argument explicitly impugns defense counsel's character. *Guy v. State,* 160 S.W.3d 606, 617 (Tex. App.—Fort Worth 2005, pet. ref'd); *see Mosley,* 983 S.W.2d at 258-60. "Generally, a remark that strikes at the defendant through his counsel is impermissible because such attacks only inflame the minds of the jury to the defendant's detriment." *Guy,* 160 S.W.3d at 616. We assume without deciding that the argument was improper and advance to whether the trial court abused its discretion in denying the mistrial request. *See Mosley,* 983 S.W.2d at 259.

The denial of a motion for mistrial, which is appropriate for "highly prejudicial and incurable errors," is reviewed under an abuse-of-discretion standard. *See Simpson*

*v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)); *Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

> [T]he question of whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis. A mistrial is the trial court's remedy for improper conduct that is "so prejudicial that expenditure of further time and expense would be wasteful and futile." In effect, the trial court conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. Of course, the harm analysis is conducted in light of the trial court's curative instruction. Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required.

*Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Thus, the appropriate test for evaluating whether the trial court abused its discretion in overruling a motion for mistrial is a tailored version of the test originally set out in *Mosley*. *See id*. "[T]he *Mosley* factors should be used to evaluate whether the trial court abused its discretion in denying a mistrial for improper argument . . . ." *Id*. Those factors are: (1) the prejudicial effect, (2) curative measures, and (3) the certainty of conviction absent the misconduct. *Id*.; *see Mosley*, 983 S.W.2d at 259.

Applying the *Mosley* factors, we conclude that any prejudicial impact of the prosecutor's sleight-of-hand comment was not so severe that it was not cured by the trial court's immediate instruction to disregard the comment. Further, the jury was presented with strong evidence of guilt. Under these circumstances, we cannot say that the trial court erred in failing to grant a mistrial. Newsom's second issue is overruled.

### Unanimity

Newsom's fourth issue complains that the charge permitted a non-unanimous verdict because it allowed the jury to find that Officer Shaw's search following the

traffic stop was a legal search, even if the jury did not agree on the three separate alleged traffic violations that were the basis of the traffic stop. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 2005) ("In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.").

When reviewing a jury charge, we first examine the charge to determine if error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The jury was charged as follows:

> Now, bearing in mind, the foregoing instruction, if you find from the evidence beyond a reasonable doubt that Officer Todd Shaw had a reasonable suspicion based on articulable facts to temporarily detain the defendant, Charlie Wray Newsom, then such detention would be legal and you will continue your deliberation. If you do not so find and believe beyond a reasonable doubt, or if you have a reasonable doubt thereof, then such detention would be illegal and in such event the jury will disregard the evidence relative to the detention of the defendant and you will not consider such evidence for any purpose whatsoever and you will return a verdict of not guilty.[3]

A jury verdict in a criminal case must be unanimous. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp. 2008). A unanimous jury verdict "ensures that the jury agrees on the factual elements underlying an offense," requiring "more than mere agreement on a violation of a statute." *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000); *see Ngo*, 175 S.W.3d at 744 ("When the State charges different criminal acts, regardless of whether those acts constitute violations of

---

[3] *Cf.* ELIZABETH BERRY & GEORGE GALLAGHER, 1 TEXAS CRIMINAL JURY CHARGES § 3.1000, 3.1010, 3.1080, at 3-35 to 3-38 (2008).

the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of these criminal acts."); *see also Landrian v. State,* 268 S.W.3d 532, 536 (Tex. Crim. App. 2008) ("the jury must be unanimous in finding that the defendant committed a specific statutory crime").

Newsom cites no authority for his proposition that juror unanimity is required on the legality of a defendant's detention, which the State correctly notes is not an element of the offense Newsom was charged with—the legality of Newsom's detention relates only to the admissibility of evidence. We thus find no error in the charge and overrule Newsom's fourth issue.[4]

Having overruled all of Newsom's issues, we affirm the trial court's judgment.


                                        REX D. DAVIS
                                        Justice


Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed April 22, 2009
Do not publish
[CR25]

---

[4] We also agree with the State's contention that the above instruction was not required because Newsom did not raise a fact issue on the detention; mere cross-examination and argument that the circumstances did not authorize the detention do not create a fact issue material to the admissibility of the challenged evidence. *See Madden v. State,* 242 S.W.3d 504, 510-17 (Tex. Crim. App. 2007); *Howard v. State,* 888 S.W.2d 166, 174 (Tex. App.—Waco 1994, pet. ref'd).