67,500-11

EDDIE A. NUNNELLEY,JR        IN THE 59th DISTRICT COURT
    Applicant

VS.                     §       OF GRAYSON COUNTY, TEXAS

STATE OF TEXAS             §       Cause No 49592-A
    Respondent                     £ 11.07 Application

## OBJECTIONS TO COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Comes Now, EDDIE A. NUNNELLEY,JR., Applicant in the action that is an APPLICATION FOR WRIT OF HABEAS CORPUS. The State has filed its answer/response. The trial court has filed its Findings of Fact and Conclusions of Law. This is Applicant's OBJECTION thereto.

I.   The working premise for this Application is that Applicant has reason to believe the District Court's Judicial Power for this case arises from the ADMIRALTY JURISDICTION.

A.   If the trial court heard the underlying case in Admiralty Jurisdiction and Applicant has no notice thereof, and was then unable to challenge the jurisdiction as a defense before trial, then his Guilty Plea was involuntary.

B.   If indeed the jurisdiction of the district court was admitalty, then there must be a commercial contract, agreement, or hypothecation extant which binds Applicant to that jurisdiction. If no binding agent exists then the admiralty jurisdiction DOES NOT apply to the subject matter or to the person. The judgement would then be VOID.

C.   Since Applicant finds no authority or existing evidence that supports his premise, he sent a single Discovery Document to the State (Grayson DA) in the form of REQUEST FOR ADMISSION BY AGREEMENT [Hereafter RFAA].

D.   ApplicaNT asserts the state's failure to respond to the RFAA is itself the state's admission, agreement, and ratification to his points as stipulated and evidence supporting grounds for relief.

\* NOTE 1: Where the district court's jurisdiction is presumed to be admiralty and admiralty sits within commercial law, then the commercial law (UCC/TX. BUS &COM CD.) and procedure apply and have been used by Applicant.

\* NOTE 2: Where no specific precedent addresses issues directly - the law quoted applies by analogy.

II.   Court Errors in its FINDINGS OF FACT.

A.   Applicant OBJECTS to the court's Finding of Fact at number 7 because the court mistated the most essential part within that fact.

1.   It is true that Applicant did not allege facts that relate to the court he was found guilty in was an "Admiralty Court". The NAME of the <u>court</u> was not at issue.

Page   1

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 09 2015

Abel Acosta, Clerk

2. Applicant never alleged the court of conviction was an "Admiralty Court" per se. However, Appliannt implied the 59th District Court is hearing Penal Actions under the judicial power of the Admiralty JURISDICTION. There is a difference.

3. BARRON's DICTIONARY OF LEGAL TERMS, 3rd Edition states:

ADMIRALTY AND MARITIME JURISDICTION. "Jurisdiction over all actions related to events occurring at sea, including transactions relating to commerce and navigation..."

ADMIRALTY COURTS. "Tribunals that hear cases involving maritime law..."

4. The Federal District Courts are so-called whether they exercise civil or criminal power in Common Law, equity, Admiralty or Maritime jurisdiction.

5. Could it be that the 59th District Court is a 'court' or 'tribunal' inferior to the federal courts that exercises admiralty jurisdiction in penal actions? Judge Nall does not say, yet he DOES NOT DENY that the district court he presides over exercises admiralty jurisdiction in penal actions.

III. Court errors in its CONCLUSIONS OF LAW.

A. Applicant objects to the Conclusion of Law in paragraph 6, where the judge admits the case wass tried in a state district court "which has jurisdiction over felony criminal cases."

1. Applicant never challenged the NAME of the court itself (district) but the NAME of the jurisdiction (admiralty) exercised by that court.

2. The court does not state the NAME of its jurisdiction, nor does it deny that admiralty jurisdiction was exercised in the underlying case.

3. A Penal Action IS NOT a 'criminal action' per se. BARRON's DICTIONARY OF LEGAL TERMS 3rd Ed. says: PENAL ACTION. "Acivil suit brought for the recovery of a statutory penalty imposed as a punishment for an offense against the public."

4. The only constitutional judicial power allowing civil suits to impose criminal type penalties on a defendant is the admiralty.

5. Since the state district court may exercise any of the 4 jurisdictions named in either constitution (state/Fed) the court's failure to address the NAME of the subject jurisdiction, but instead compelling attention to the name of the court [While knowing the name of the district court is unimportant to this issue] is the intentional and deceptive use of semantics employed in order to misdirect the higher courts from learning the true issues.

B. Applicant objects to the Conclusions of Law in paragraph 12 where it stated the RFAA "is not a valid document," and "has no legal effect upon the proceedings".

1. In the State's Response to 11.07 Application for Writ of HAbeas Corpus, it

Page 2

DID NOT CHALLENGE Applicant's RFAA which further VALIDATES that document as the state's admission, agreement, and ratification of the points which support the grounds for relief.

2. In the state's response, the Grayson County District Attorney DID NOT state the NAME of the district court's jurisdiction, nor did she deny that the 59th District Court exercised Admiralty Jurisdiction in the underlying case.

3. If the underlying case were strictly a 'criminal' case, then Applicant asserts that perhaps it could be said that the RFAA is not a valid document or has no legal effect. However since Penal Actions are "civil" (see Sec.III Para.3 above) and the habeas corpus is a civil action, then Applicant asserts the court has the descretion to accept his RFAA in accord with TX.R.CV.PRC. RULE 198.

4. Since the RFAA is Applicant's only evidence of the district court's wrongfully applied jurisdiction of admiralty, the court could have accepted the RFAA and Applicant's grounds as agreed by the parties per TX.R.CV.PRC. 263.

5. Where the trial court may doubt that the evidence proves the grounds by a preponderance as stated, the judge erred by not holding a hearing to determine same because Applicant's pleadings and the state's suspicious failure to respond to the RFAA put the court on notice of a fundamental error that has not been examined.

C. Applicant objects to Conclusions of Law at paragraph 13 where it stated the state "is not bound in any manner by the filing" of Applicant's RFAA, "or by the state's failure to respond..."

1. Applicant never stated the state was bound by the 'filing' of the RFAA, but by the circumstances surrounding the tacit acceptance by the state.

2. The state made the original plea agreement with Applicant which induced his guilty plea. This was an unwritten or IMPLIED AGREEMENT that was valid until Applicant began to suspect the errors stated in the grounds for relIEF.

3. The RFAA was written as a Counter-Offer or CONDITIONAL ACCEPTANCE to the original plea agreement, and stipulated essentiaLLy that iF the state failed to prove its prospective claim that the District Court did not exercise Admiralty Jurisdiction over the underlying case, then the failure was the state's ADMISSION by operation of law. Conditional Acceptance is one which will subject the drawee or acceptor to the payment of money on a contingency. CHIT.BILLS 234. If he do recieve it he must observe its terms. 1 CAMPb 425. The form of acceptance may be express or implied. 4 EAST 91. These authorities apply via the premise that admiralty is a jurisdiction of commerce, otherwise they apply by analogy.

Page 3

4. The state is the authority to determine whether the trial court's actions of trying the underlying case in admiralty jurisdiction was unlawful, aND THE DA is now estopped from raising any factual matters it failed to raise before the 11.07 Application was filed. [see INTERNATIONAL TELEPHONE AND TELEGRAPH CORP. VS. UNITED TELEPHONE CORP., 550 F2d 287].

5. The Handbook Of Common Law Pleading by Benjamin J. Shipman at pg.14 suggests: "The term implied contracts is also applied to premises implied or created by 🖋law without any agreement in fact between the parties... The premises in these cases is merely a fiction of law... The obligation is not contractual but quasi contractual." CLARK, CONT. 752-754; WOODS V. AYERS, 39 Mich. 345.

6. Although the common law supports the RFAA as a quasi contract between Applicant and the state, the evidence requested via the RFAA is exculpatory and MUST BE DISCLOSED. BRADY V. MARYLAND,83 S.Ct. 1194(1963).

7. The intent of the Grayson DA was to AGREE by failure to respond because the prosecution has a duty to disclose exculpatory rvidence. NIELSON V. STATE,836 S.W. 2d 245(TX.APP.-Texarkana 1992).

8. Prior to trial Applicant was denied by omission of the chance to discover the exculpatory evidence held by the state. The RFAA activated the Doctrine of Inquiry Notice that would put a reasonably prudent person on a DUTY OF INQUIRY. WOODWARD V. ORTIZ,237 S.W.2d 286,289(TEX.1951). And like a purchaser with knowledge of title defects, the state is chargeable with knowledge of it's errors of unlawful jurisdiction in the underlying case. See: MATTER OF HAMILTON, 125 F3d 292 (5th Cir.).

9. Commercial law in Texas is the Business & Commerce Code. A COURSE OF DEALING at 1.303(b) therein is: "A sequence of conduct concerning previous transactions between the parties to a particular transaction that is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct. Course of Dealing may enter the agreement by TACIT RECOGNITION. Where the original transaction is the plea agreement the RFAA is the underlying course of dealing.

10 The state's acceptance (implied) of Applicant's points as stipulated, is its agreement the RFAA is valid evidence the 59th District Court DID NOT have lawful jurisdiction to try the case as stated in the grounds for relief. Where the court disagrees, it should haave held a hearing so the Applicant could ask the judge, prosecutor, and clerk to discover the NAME of the jurisdiction exercised by the district court.

Page 4

D.   Applicant objects to the Conclusion of Law at paragraph 11 where it alleged Applicant failed to prove by a preponderance of the evidence that he was mislead into pleading guilty in an admiralty court.

1.   As stated throughout, the RFAA is the only valid evidence supporting the grounds for relief. Where the court failed to hold a hearing to inquire further into the evidence in the interest of justice, the court is in error.

IV.   CONCLUSION AND PRAYER FOR RELIEF

1.   By its tacit admission the state intended to agree with Applicant's RFAA, otherwise it would have completed its duty to disclose the exculpatory evidence.

2.   The RFAA is valid evidence proving by a preponderance Applicant's grounds for relief.

3.   Where the state did not contest the RFAA in its RESPONSE, the court's action of advocating on behalf of the state by contesting the RFAA was error.

4.   The court's refusal to accept the agreement of the parties is erroneous.

5.   Where the court questions the validity of the agreement of the parties and it is on notice the same is the sole evidence in support of a fundamental defect in the court's jurisdiction -- it should have held a hearing to further disclose the truth of the matter. The court erred in its failure to hold a hearing in the interest of justice.

WHEREFORE premises considered, Applicant humbly prays the honorable court will consider all the above, hold a hearing if necessary, and grant requested relief.

Date: April 7, 2015

Respectfully,

EDDIE A. NUNNELLEY, JR.
#1186691 Clements Unit
9601 Spur 591
Amarillo Texas   79107

I, EDDIE A. NUNNELLEY.JR., Applicant herein declares and affirms under penalty of perjury, that on this 7th day of April 2015, I sent a copy of this document to the District Clerk of Grayson County, and one copy to the Texas Court of Criminal Appeals. Each copy is true correct and complete.

Page   5